# �door 𝔯𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## ANNIE DAVIS V. COMMONWEALTH.

### January 19, 1922.

Absent, Saunders, J.

1. BURGLARY—*Breaking.*—Breaking, as an element of the crime of burglary, may be either actual or constructive.

2. BURGLARY—*Breaking—Constructive Breaking.*—There is a constructive breaking when an entrance is obtained by threat of violence, by fraud or conspiracy.

3. BURGLARY—*Breaking—Actual Breaking.*—Actual breaking involves the application of some force, slight though it may be, whereby the entrance is effected. Merely pushing open a door, turning the key, lifting the latch, or resort to other slight physical force is sufficient to constitute this element of the crime.

4. BURGLARY—*Breaking—Consent of Occupier.*—A breaking, either actual or constructive, to support a conviction of burglary must have resulted in an entrance contrary to the will of the occupier of the house.

5. BURGLARY—*Breaking—Servant or Caretaker.*—If a servant or a caretaker, or one having a bare charge (not possession) of the premises, although fully authorized to enter for purposes within the scope of the employment or trust, actually enters for the purpose of carrying out a previously formed design to commit a felony, he will be guilty of burglary.

6. BURGLARY—*Breaking—Entry with Consent of Owner—Case at Bar.*—In the instant case, a prosecution for burglary, the right of the defendant to enter the premises as freely and unrestrictedly as either the owner or occupant was undisputed, and it follows that she did not "break" and enter the house, and therefore cannot be convicted of the alleged burglary.

7. APPEAL AND ERROR—*Burglary—"Breaking"—Point Raised for First Time on Appeal.*—In a prosecution for burglary, the "breaking," as that term is used within the meaning of the familiar definition of burglary, goes to the substance of the Commonwealth's case, and the failure to raise the point that there was no "breaking" at an earlier stage does not deprive the accused of the right to take advantage of it on appeal.

Error to a judgment of the Corporation Court of the city of Newport News.

                                                         *Reversed.*

The opinion states the case.

*W. R. Walker* and *J. Thomas Newsome,* for the plaintiff in error.

*John R. Saunders, Attorney General; J. D. Hank, Jr., Assistant Attorney General,* and *Leon M. Bazile, Second Assistant Attorney General,* for the Commonwealth.

KELLY, P., delivered the opinion of the court.

The defendant, Annie Davis, under indictment for burglary was convicted and sentenced to confinement in the penitentiary for a term of five years.

The indictment charged that in the night time she broke and entered the dwelling house of one E. P. Fowlkes, and "feloniously and burglariously" stole and carried away therefrom the sum of $412.50 belonging to one Dolly Wingfield.

The case is before us for review, and the sole assignment of error is that the court refused to set aside the verdict as being contrary to the law and the evidence.

It is insisted that the evidence failed to show that the alleged theft was committed in a house owned by E. P. Fowlkes, and also failed to show that the defendant was the thief. As to this contention we express no opinion, because the judgment will have to be reversed and a new trial awarded upon another ground, namely, that there was no "breaking" within the meaning of the familiar definition of burglary.

The evidence tends to show that, as contended by the Commonwealth, the theft was committed in a house owned by Fowlkes, and in a room therein occupied and controlled

by Dolly Wingfield, the owner of the stolen money. The testimony of Fowlkes and Dolly Wingfield conclusively shows that the defendant was and long had been their intimate associate and friend, and that with their consent and encouragement she carried a key to the house, was "just the same as at home there," was "over there day and night, and anything she wanted there she came and got it." She was not in any sense a servant or employee of the owners, nor a care keeper or custodian of the property. Her relationship was that of a companion and friend, her right to enter the premises up to the time of the alleged theft being as free and unlimited as that of Dolly Wingfield herself. She came and went at will; she ate and slept there whenever she pleased; and, in short, as expressed by Fowlkes, she was "treated the same as homefolks."

[1, 2] Breaking, as an element of the crime of burglary, may be either actual or constructive. There is a constructive breaking when an entrance has been obtained by threat of violence, by fraud, or by conspiracy. Min. Syn. Cr. Law, page 92; *Clarke* v. *Commonwealth,* 25 Gratt. (66 Va.) 912. The entrance to the premises in the instant case was not obtained by either of these means, and cannot be classed as a constructive breaking.

[3, 4] Actual breaking involves the application of some force, slight though it may be, whereby the entrance is effected. Merely pushing open a door, turning the key, lifting the latch, or resort to other slight physical force is sufficient to constitute this element of the crime. See the authorities cited, *supra.* But a breaking, either actual or constructive, to support a conviction of burglary, must have resulted in an entrance contrary to the will of the occupier of the house.

[5] The modern authorities have gone quite far, and we believe properly so, in holding that if a servant or a care taker, or one having a bare charge (not possession) of the

premises, although fully authorized to enter for purposes within the scope of the employment or trust, actually enters for the purpose of carrying out a previously formed design to commit a felony, he will be guilty of burglary. *Clarke* v. *Commonwealth,* 25 Gratt. (66 Va.) 912, 917; *State* v. *Corcoran,* 82 Wash. 44, 143 Pac. 453, L. R. A. 1915-D, 1015, and note Ann. Cas. 1916-E, 531; 4 R. C. L., page 424, sec. 12; 9 C. J. 1016.

[6] But in the instant case the right of the defendant to enter the premises as freely and unrestrictedly as either Fowlkes or Dolly Wingfield is undisputed, and it follows that she did not "break" and enter the house, and therefore cannot be convicted of the alleged burglary.

The following language of Judge Moncure, who delivered the opinion of the court in *Clarke's Case, supra,* may well be applied here:

"We have seen no case, and think there has been none, in which the entry was by the voluntary act and consent of the owner or occupier of the house, which has been held to be burglary. And were we to affirm the judgment in this case, we would establish a doctrine of constructive burglary which would not only be new, but contrary to the well known definition of that offense. While the legislature might make such a change, we think it would be judicial legislation in us to do so. If the question, upon principle, were more doubtful than it is, we would be inclined *in favorem vitae,* not to apply the doctrine of constructive burglary to this new case. The offense of burglary may be punished with death."

[7] It is only fair and proper to say that the point upon which we are reversing the judgment does not seem to have been raised in the lower court. The point is one, however, which goes to the substance of the Commonwealth's case, and the failure to raise it at an earlier stage does not deprive the accused of the right to take advantage of it here.

*Reversed.*