## Richmond

ANTHONY JONES

v.

COMMONWEALTH OF VIRGINIA

No. 0923-85

Decided October 21, 1986

COUNSEL

Robert P. Geary (Geary and Davenport, on brief), for appellant.

Leah A. Darron, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

BAKER, J. — Anthony Jones (appellant) was indicted and convicted in a bench trial in the Circuit Court of the City of Richmond of statutory burglary (§ 18.2-91)[1] and grand larceny (§ 18.2-95).[2] He appeals from an order of that court affirming the verdicts.

Appellant asserts two issues on this appeal: (1) whether the evidence showed an unlawful entry as required by Code § 18.2-91; and (2) whether the grand larceny conviction is supported by the evidence in that the Commonwealth failed to prove that any property was removed from inside the building entered. The effect of appellant's assertion is that the evidence was insufficient to prove an element of each offense.

When the sufficiency of the evidence is challenged, the judgment of the trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be disturbed on appeal unless plainly wrong or without evidence to support it. *Evans v. Commonwealth*, 215 Va. 609, 613, 212 S.E.2d 268, 271 (1975). The evidence must be viewed in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. *Id.* at 612, 212 S.E.2d at 271. The record discloses that on December 5, 1981, at 11:47 p.m., Officer Anderson received a radio message that a silent alarm had activated in a Memco department store. He immediately went to the store, examined all of the exterior doors and found them to be secure. He

---

[1] § 18.2-91. Entering dwelling house, etc., with intent to commit larceny or other felony. — If any person do any of the acts mentioned in § 18.2-90 with intent to commit larceny, or any felony other than murder, rape or robbery, he shall be deemed guilty of statutory burglary; which offense shall be a felony punishable by confinement in a penitentiary for not less than one or more than twenty years, or in the discretion of the jury, or judge sitting without a jury, be confined in jail for a period not exceeding twelve months or fined not more than $1,000, either or both; provided, however, that if such person was armed with a deadly weapon at the time of such entry, he shall be guilty of a Class 2 felony.

[2] § 18.2-95. Grand larceny defined; how punished. — Any person who: (1) Commits larceny from the person of another of money or other thing of value of five dollars or more, or (2) Commits simple larceny not from the person of another of goods and chattels of the value of $200 or more, shall be deemed guilty of grand larceny which shall be punishable by confinement in the penitentiary for not less than one nor more than twenty years or in the discretion of the jury, or judge sitting without a jury, be confined in jail for a period not exceeding twelve months or fined not more than $1,000, either or both.

then summoned Memco's night manager who responded and opened the front door. Upon their entry into the store, they found bags of potato chips strewn about the floor, boxes lying in an aisle, and a pried open gun rack from which two guns were missing.

As they looked about the store, Officer Anderson discovered appellant and another man as they emerged from a storage area located in the rear of the store. Anderson arrested them, gave them *Miranda* warnings, and inquired as to how they gained entry into the store. They responded that they entered the store before closing and secreted themselves in the storeroom where they remained until the store closed, at which time they intended to do "a little Christmas shopping." At the time of their arrest each was wearing a new jacket and shoes which belonged to Memco.

A search of the storeroom revealed several duffel bags which were filled with merchandise removed from other areas of the store, the two guns missing from the broken rack and two bicycles. The door which led from the storeroom to the outside was locked with a steel bar and a padlock. It had pry marks on it and lying near the door was a bent crowbar. Anderson stated that it appeared to him that the crowbar was used in an attempt to pry the door open from the inside.

The store manager stated he closed the door earlier that evening and that he had not given appellant permission to remain in the store, nor to move the various items from their several in-store locations to the storeroom. He estimated that the value of the moved merchandise was $1,300.

## I. BREAKING AND ENTERING

Appellant first argues that it was error for the trial court, from these facts, to infer or hold that there was a "breaking and entering" within the meaning of Code § 18.2-91, because there was no attempt to steal during regular store hours. While we may agree that appellant did not attempt to remove the goods from the store until it closed for business, we do not agree that such fact precludes the conviction. The intent to steal was formulated prior to the time appellant and his codefendant entered the store, and such intent, when combined with the method of entry, is sufficient to sustain the conviction.

■ Where entry is gained by threats, fraud or conspiracy, a constructive breaking is deemed to have occurred. *Davis v. Commonwealth*, 132 Va. 521, 523, 110 S.E. 356, 357 (1922); *Clarke v. Commonwealth*, 66 Va. (25 Gratt.) 908 (1874). Thus, breaking may be actual or constructive. *Johnson v. Commonwealth*, 221 Va. 872, 876, 275 S.E.2d 592, 594 (1981).

Code § 18.2-91 provides, in pertinent part, that if any person enter a storehouse in the nighttime "with intent to commit larceny, or any felony other than murder, rape or robbery, he shall be deemed guilty of statutory burglary. . . ."

It is elementary that where, as here, the statute makes an offense consist of an act combined with a particular intent, proof of such intent is as necessary as proof of the act itself and must be established as a matter of fact.

Intent is the purpose formed in a person's mind which may, and often must, be inferred from the facts and circumstances in a particular case. The state of mind of an alleged offender may be shown by his acts and conduct.

In *Tompkins v. Commonwealth*, 212 Va. 460, 461, 184 S.E.2d 767, 768 (1971), the defendant was convicted of breaking and entering a dwelling house in the nighttime with intent to commit murder. There, we said that when an unlawful entry is made into a dwelling of another, the presumption is that the entry was made for an unlawful purpose, and the specific intent with which such entry was made may be inferred from the surrounding facts and circumstances. This same principle is equally applicable to breaking and entering a storehouse in the nighttime with intent to commit larceny.

The rule, as applied in most jurisdictions, is that in a prosecution of burglary with intent to commit larceny, the state must prove the specific intent to steal beyond a reasonable doubt, although it may and frequently must prove such intent by the facts and circumstances. In the absence of evidence showing a contrary intent, the trier of fact may infer that a defendant's unauthorized presence in a house or building of another in the nighttime was with intent to commit larceny.

*Ridley v. Commonwealth*, 219 Va. 834, 836-37, 252 S.E.2d 313, 314 (1979) (citations omitted).

Appellant concedes that *Davis v. Commonwealth*, 132 Va. 521, 110 S.E. 356 (1922), holds that there can be a constructive breaking and entry, but asserts that *Davis* further provides that the breaking must be "contrary to the will of the owner." He avers that at the time of the actual entry on the premises the owner was inviting the public to enter and, therefore, his entry was not against the owner's will. We disagree. Where a store owner invites the public to enter his premises he consents for the entrant to view his merchandise for the limited purpose of purchase, or to otherwise engage in a lawful activity thereon. It is not the will of the owner that entrance be made to defraud or steal from him. The consent to entry expires at the close of business and an invitee's presence on the premises thereafter, without the knowledge or consent of the owner, constitutes a form of entry by fraud and deception when the original entry was made with intent to steal.

█ The facts of this record disclose that appellant entered the Memco store under the pretense that he was a prospective customer. He then secreted himself on the premises until the store closed for business at which time, without permission of the owner, he attempted to remove property from the store without paying for it. The acts, conduct and statement of the appellant as shown by the evidence establish that prior to entry appellant had formed in his mind the intent to remain on the premises and to commit the theft. We hold that the entry under such circumstances and intent is sufficient to meet the requirements of Code § 18.2-91.

## II. THE LARCENY

█ Larceny is defined as the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently. *Dunlavey v. Commonwealth*, 184 Va. 521, 524, 35 S.E.2d 763, 764 (1945). "The *animus furandi* must accompany the taking, but the wrongful taking of property in itself imports the *animus furandi*." *Id.*

To constitute the crime of simple larceny, there must have been a felonious taking of the property from the possession of the owner, and the thief must, for an instant at least, have had complete and absolute possession of the stolen property, and during such possession and control he must have feloniously removed the same from the place it occupied just before he grasped, seized or laid hold of the same.

12A Michie's Jurisprudence, *Larceny* § 3 (Repl. Vol. 1978). Permanent loss by the owner is not a required element of larceny. *Id.*; *see also Whalen v. Commonwealth*, 90 Va. 544, 549, 19 S.E. 182, 183 (1894).

All the authorities agree in stating that in every larceny there must be an actual taking, or severance of the goods from the possession of the owner. To "take" an article, signifies "to lay hold of, seize or grasp it with the hands or otherwise," and doing so, *animo furandi*, constitutes a felonious taking.

*Mason v. Commonwealth*, 200 Va. 253, 256, 105 S.E.2d 149, 151 (1958) (quoting 12 Michie's Jurisprudence, *Larceny* § 4).

■ Appellant argues that even though the record discloses that Memco's merchandise was either removed from the place it occupied to a place adjacent to the storeroom door which led to the outside or was being worn at the time of his arrest, this evidence only establishes an attempt to commit larceny and does not support a conviction for larceny. In *Whalen v. Commonwealth*, 90 Va. 544, 19 S.E. 182 (1894), the evidence disclosed that the victim's pocketbook was stolen, that it thereafter was seen in the possession of the defendant, and later found abandoned near the path defendant took shortly after being seen with the pocketbook. It was there said:

It was argued that if the accused, in fact, took the pocketbook, the crime of larceny was not complete, because his abandoning it negatives the idea that he took it *lucra causa*, or with intent to convert it or its contents to his own use. But as to this it is enough to say that the taking was fraudulent, and with intent wholly to deprive the owner of the property,

and that is sufficient to make out a case of larceny.

*Id.* at 549, 19 S.E. at 183. Where the property has been feloniously taken, the slightest removal, even if it is only a hair's breadth, with intent to steal the same, is sufficient to constitute the asportation. 12A Michie's Jurisprudence, *Larceny* § 5 (Repl. Vol. 1978); *see also Wolverton v. Commonwealth*, 75 Va. 909 (1881). Michie's illustrates by example:

> [I]f a person thrusts his hand into the pocket of another with the intent to steal his pocketbook and the money contained therein, and seizes or grasps the pocketbook, and lifts, or raises the same to the top of the pocket, and upon being detected, releases his grasp thereon, and the pocketbook is left hanging partly out of the pocket, then such taking and removal is a sufficient "taking and carrying away" to complete the offense of simple larceny. In such a case, although the whole article has not been removed from the whole space, which the whole article occupied before it was so taken, yet if every part of the article is removed from that particular space which that particular part occupied just before it was so taken, such removal is a sufficient asportation to complete the offense of simple larceny.

12A Michie's Jurisprudence, *Larceny* § 5 (Repl. Vol. 1978). The evidence here discloses that larceny was accomplished when appellant removed the items from the locations in the store where they were displayed by the owner. We hold that there was sufficient evidence to support the conviction of appellant for larceny.

For the reasons stated, the judgments of the trial court are affirmed.

*Affirmed.*

Cole, J., and Duff, J., concurred.