## Norfolk

RALPH ELTORO JOHNS, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 1137-88-1

Decided May 8, 1990

---

284

COUNSEL

Gerard T. Schafer (Karen L. Lindemann, on brief), for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**KOONTZ, C.J.**—Ralph Eltoro Johns, Jr. was convicted by jury of robbery, statutory burglary in violation of Code § 18.2-90 and use of a firearm in the commission of a felony in violation of Code § 18.2-53.1. On appeal, Johns argues that the evidence was insufficient to prove statutory burglary and to convict him of use of a firearm as a second or subsequent offense. For the reasons that follow, we reverse Johns' conviction of statutory burglary and affirm his conviction of use of a firearm in the commission of a felony.

For purposes of this appeal, the evidence may be summarized as follows. On September 11, 1987, Johns, Alphonso McQuillia, Aspasia Robinson and Sandra Greene agreed to rob Pioneer Federal Savings and Loan in Virginia Beach. At approximately 1:00 p.m.

that day, Robinson and Greene entered the bank under the pretext of transacting business in order to observe the physical layout of the bank. Robinson described the layout of the bank to Johns, who drew a sketch of Robinson's description on a paper bag. At approximately 4:00 p.m., while the bank was still open for business, Johns and McQuillia entered the bank through a closed door while Greene remained outside and Robinson remained in a nearby car. Barbara Summers, the branch manager, testified that Johns and McQuillia entered the bank together. McQuillia walked directly to the teller area and Johns approached her office displaying a gun. Johns ordered the employees to lay on the floor while McQuillia took the money out of the teller drawers. Johns ordered the employees to remain on the floor as he and McQuillia fled with the money.

Code § 18.2-93 provides: "If any person, armed with a deadly weapon, shall enter any banking house, in the daytime or the nighttime, with the intent to commit larceny of money, bonds, notes, or other evidence of debt therein, he shall be guilty of a Class 2 felony." Johns was not charged under this Code section. Rather, he was charged under Code § 18.2-90 which provides, in pertinent part, that "[i]f any person . . . at any time *breaks* and enters . . . any . . . banking house . . . with intent to commit . . . robbery, he shall be deemed guilty of statutory burglary . . . ." (emphasis added). This Code section further provides that if the person is armed with a deadly weapon at the time of the entry, he shall be guilty of a Class 2 felony.[1]

Johns argues that the evidence was insufficient as a matter of law to convict him of statutory burglary pursuant to Code § 18.2-90. Specifically, Johns argues that since the bank was open for business at the time of the robbery he did not break and enter as required for a conviction of statutory burglary. In support of this position, Johns relies on *Davis v. Commonwealth*, 132 Va. 521, 110 S.E. 356 (1922). In *Davis*, our Supreme Court held that:

---

[1] From the facts recited it is readily apparent that Johns would have been guilty of a violation of Code § 18.2-93 and subject to the same punishment as that provided for under Code § 18.2-90. It is not apparent from the record, however, why the Commonwealth chose to prosecute Johns under Code § 18.2-90 rather than Code § 18.2-93.

Breaking, as an element of the crime of burglary, may be either actual or constructive. There is a constructive breaking when an entrance has been obtained by threat of violence, by fraud, or by conspiracy . . . .

Actual breaking involves the application of some force, slight though it may be, whereby the entrance is effected. Merely pushing open a door, turning the key, lifting the latch, or resort to other slight physical force is sufficient to constitute this element of the crime . . . . But a breaking, either actual or constructive, to support a conviction of burglary, must have resulted in an entrance contrary to the will of the occupier of the house.

*Id.* at 523, 110 S.E. at 357.

The Court in *Davis* concluded that there was no breaking, either actual or constructive, because the accused had a key to the house she allegedly broke into and had the right to enter the house as freely and unrestrictively as the occupants of the house. Similarly, Johns argues that since the bank was open for business at the time of the robbery he had an unrestricted right to enter the bank and did not enter contrary to the will of the owner.

In response, the Commonwealth, relying on *Johnson v. Commonwealth*, 221 Va. 872, 275 S.E.2d 592 (1981) and *Davis*, argues that there was an actual breaking because the door at the bank was closed and it was necessary for Johns to open it in order to gain admission. In *Johnson*, the accused fraudulently posed as a maintenance man and sought entry into the victim's apartment first to fix a fuse and then to obtain a glass of water. The victim opened the door only about a foot and the accused had to push the door open further in order to enter the apartment. Moreover, the victim expressly told the accused to remain outside while she went to get him a glass of water. On these facts, the Court held that a breaking had occurred. Thus in the present case, the Commonwealth argues that when Johns opened the unlocked but closed door to the bank for the purpose of committing a robbery, a breaking under Code § 18.2-90 had occurred. We disagree.

■ While it is well settled that only slight force is required to constitute a breaking, the Commonwealth's argument overlooks an equally well settled principle that the force must be applied to

something attached to the premises and *relied upon by the occupant for safety. See Finch v. Commonwealth*, 55 Va. (14 Gratt.) 643, 645 (1858). In the present case, neither the evidence nor common experience would support the argument that during business hours the bank had its door closed and unlocked for safety. Moreover, in both *Johnson* and *Davis* reliance upon the door for the safety of the occupant was not an issue before the Court and, therefore, these cases do not support the Commonwealth's argument in the present case.

The Commonwealth also argues that because Johns entered the bank with the sole intent to commit robbery he was neither authorized nor invited to enter by the bank and, consequently, a breaking and entry for purposes of Code § 18.2-90 occurred. In essence, the Commonwealth argues that Johns opened the door to the bank and entered under the pretense of being a customer when in fact he was a robber. Consequently, the Commonwealth argues that the provisions of Code § 18.2-90 are applicable and that Johns' conviction under this Code section should be sustained. We disagree.

We agree with the Commonwealth's contention that the bank in this case did not authorize, invite or consent to Johns' entry for the purpose of committing robbery. Such a proposition is beyond dispute and is applicable to banks and other merchants in general. We fully agree with the quote from *Trevino v. State*, 254 S.W.2d 788, 789 (Tex. Crim. App. 1952), cited by the Commonwealth on brief, that: "It would be an impeachment of the common sense of mankind to say that if a thief who enters the store with intent to steal does so with the owner's consent and upon his invitation." We also agree that portions of our opinion in *Jones v. Commonwealth*, 3 Va. App. 295, 349 S.E.2d 414 (1986), if taken out of context, would support the Commonwealth's position in this case. In *Jones* we said:

> Where a store owner invites the public to enter his premises he consents for the entrant to view his merchandise for the limited purpose of purchase, or to otherwise engage in a lawful activity thereon. It is not the will of the owner that entrance be made to defraud or steal from him.

*Id.* at 300, 349 S.E.2d at 417.

In *Jones*, the accused entered a department store with the intent to commit larceny and remained in the store for that purpose after it closed for business. The applicable Code section provided that if a person "enters and conceals himself" with the intent to commit larceny he shall be deemed guilty of statutory burglary. *See* Code § 18.2-91. Immediately following the above quotation, however, we went on to say:

> The consent to entry expires at the close of business and an invitee's presence on the premises thereafter, without the knowledge or consent of the owner, constitutes a form of entry by fraud and deception when the original entry was made with the intent to steal.

*Id. Jones* involved an *entry and concealment* on the premises not a *breaking* under Code § 18.2-90 and is thus not dispositive of the issue presented in this appeal.

■ Moreover, Code § 18.2-90, unlike Code § 18.2-93, requires that there be a breaking either actual or constructive as a separate element from a resulting "entrance contrary to the will of the occupier." In short, even where the entry is contrary to the will of the occupier of the premises the requirement that a person "breaks and enters . . . any . . . banking house . . . with intent to commit . . . robbery" under Code § 18.2-90 is not satisfied by the mere showing that the accused entered the bank with the intent to commit robbery contrary to the will of the occupier of the premises. Thus, in the final analysis, we must determine whether a constructive breaking occurred because, on the facts of this case, we hold that no actual breaking occurred.

There is no evidence that entry was gained to the bank in this case by threat of violence. While Johns was armed with a deadly weapon, there is no evidence that he displayed this weapon prior to his entry. Also, there is no evidence that entry was gained by conspiracy. Johns simply opened the door and entered. Similarly, there is no evidence that entry was gained by fraud. The cases relied upon by the Commonwealth from our sister states are not dispositive on this issue.[2] A constructive breaking by fraud under Code § 18.2-90 requires proof of more than an entry with crimi-

---

[2] *See generally* Annotation, *Maintainability of Burglary Charge, Where Entry Into Building Is Made With Consent*, 58 A.L.R.4th 335 (1987).

nal intent. When Johns opened the unlocked door to this bank no fraud was necessary to accomplish his entry. The door was unattended. His entry was accomplished by simply opening the door. The fact that he intended to rob the bank upon entry does not alter the fact that entry was made without a fraudulent representation. Johns made no representation at all. During business hours, the bank did not rely upon the door as a means to secure its safety or to prevent a robbery. For these reasons, no constructive breaking occurred. Because no breaking occurred, the evidence is insufficient to support Johns' conviction under Code § 18.2-90.

The legislature has addressed the concerns which this case provokes. Under Code § 18.2-93, entering a bank while armed with a deadly weapon and with intent to commit larceny is a crime regardless of the time of day or whether any breaking occurs to accomplish the entry. If we were to adopt the Commonwealth's position in this case, we would expand the scope of Code § 18.2-90. This we decline to do.

Johns next argues that the evidence was insufficient to convict him of the use of a firearm in the commission of a felony as a second or subsequent offense in violation of Code § 18.2-53.1 since the Commonwealth did not present any evidence of prior convictions as required by that section. However, as the Commonwealth correctly points out, this argument was not raised at trial. Moreover, the record reflects that evidence of a prior offense was available at trial but was not produced by the Commonwealth with the consent of Johns. Because Johns failed specifically to present this argument at trial and it is not clear that a miscarriage of justice has occurred, we do not address it on appeal. Rule 5A:18; *see also Mounce v. Commonwealth*, 4 Va. App. 433, 357 S.E.2d 742 (1987).

For the foregoing reasons, we reverse the conviction of statutory burglary and affirm the conviction of use of a firearm in the commission of a felony.

*Reversed in part and*
*affirmed in part.*

Baker, J., and Barrow, J., concurred.