COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Willis and Annunziata
Argued at Richmond, Virginia

TERRELL R. MAYO

MEMORANDUM OPINION[*] BY
v.  Record No. 0293-97-2      JUDGE JAMES W. BENTON, JR.
                                  NOVEMBER 25, 1997
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF HENRICO COUNTY
James E. Kulp, Judge

Andrew W. Wood (Law Office of Wood & Wood, on
brief), for appellant.

Daniel J. Munroe, Assistant Attorney General
(Richard Cullen, Attorney General, on brief),
for appellee.


Terrell R. Mayo was tried and convicted of grand larceny and
of breaking and entering a dwelling with the intent to commit
larceny.  He appeals only from the statutory burglary conviction
and contends that the evidence was insufficient to support the
conviction.  We agree and reverse the burglary conviction.

The evidence proved that Terrell R. Mayo was living on a
temporary basis with his sister, Devoni Thompson.  Thompson lived
in an apartment with her two children, and Thompson had given
Mayo permission to sleep on the sofa in her apartment.  As of
September 11, 1996, Mayo had spent the prior four days at
Thompson's apartment and had been living with Thompson "off and
on" for three weeks.  Because Mayo had no other home, Thompson

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

allowed him to stay "until he [got] his own place." Thompson testified that she had to be home before Mayo could get into the apartment because only Thompson and her mother had keys to the apartment. However, whenever Mayo went out, Thompson did not require Mayo to return to the apartment at any certain time.

On the night of September 11, Thompson took Mayo to a hotel at 4:00 p.m. to visit a friend. Thompson returned home at 11:00 p.m. and locked the deadbolt on her front door. She did not remember locking the other lock on that door, a doorknob lock. All windows and the patio doors were locked. The following morning, when Thompson was leaving her apartment, she noticed her television and videotape recorder were missing. Thompson also noticed that the front door deadbolt was unlocked.

The police questioned Mayo concerning the missing electronic equipment. Mayo responded that he felt responsible because he "left the door open." Mayo also said that he "just took the stuff and gave it to a guy."

On this evidence, the trial judge convicted Mayo of grand larceny and statutory burglary in violation of Code § 18.2-91. Mayo appeals only from the statutory burglary conviction.

To convict an accused of statutory burglary under Code § 18.2-91, the Commonwealth must prove an entry to the dwelling of another either at nighttime without breaking or at anytime by breaking. See also Code § 18.2-90. The indictment charged that "Mayo, unlawfully and feloniously did break and enter . . . the

- 2 -

dwelling of . . . [his sister], with intent to commit larceny" in violation of Code § 18.2-91. Therefore, the Commonwealth was not required to prove the time of the offense because "breaking and entering of a dwelling, at any time, is the essential element of the offense" as charged. Griffin v. Commonwealth, 13 Va. App. 409, 412, 412 S.E.2d 709, 711 (1991). The Commonwealth had to prove, however, that both a breaking and an entering occurred. "Like any other elements of a crime, each of these must be proved beyond a reasonable doubt and not left to speculation." Caminade v. Commonwealth, 230 Va. 505, 510, 338 S.E.2d 846, 849 (1986).

The evidence, however, leaves to speculation whether Mayo entered the apartment by breaking. The evidence proved that the locked windows and patio doors had not been opened. Thompson testified that on the morning when she discovered her property missing the deadbolt lock that she had locked the night before was unlocked. From that evidence the trier of fact could have inferred that Mayo entered the apartment through the front door.

Thompson had not told Mayo that he could not return to the apartment. Mayo temporarily resided in the apartment, slept on the sofa, and had clothing in the apartment. Moreover, the evidence proved that Thompson's children, whose ages were not proved, had bedrooms near the front of the apartment. The evidence also proved that Thompson's mother had a key to the apartment.

No evidence proved that Mayo used force or a device of some

kind to open the door.  The inference that Mayo somehow broke into the apartment is no more reasonable than the inference that one of the children or the mother opened the door to give him entry to the apartment.  Cf. Davis v. Commonwealth, 132 Va. 521, 110 S.E. 356 (1922).  The principle is well established "that where the evidence leaves it indefinite which of several hypotheses is true, or establishes only some finite probability in favor of one hypothesis, such evidence cannot amount to proof [beyond a reasonable doubt], however great the probability may be."  Massie v. Commonwealth, 140 Va. 557, 565, 125 S.E. 146, 148 (1924).  See also Williams v. Commonwealth, 12 Va. App. 912, 918, 407 S.E.2d 319, 323 (1991).

We need not address Mayo's other issues because, on the evidence in this record, the trier of fact could only speculate concerning Mayo's means of entry.  The evidence failed to prove beyond a reasonable doubt that a breaking occurred.  Accordingly, we reverse the conviction and dismiss the indictment.

Reversed and dismissed.