COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


RICARDO CASANOVA FAULK

                                        MEMORANDUM OPINION[*] BY
v.          Record No. 0154-97-1       JUDGE NELSON T. OVERTON
                                            JUNE 9, 1998
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                      Westbrook J. Parker, Judge

         Michael D. Eberhardt for appellant.

         Marla Graff Decker, Assistant Attorney
         General (Mark L. Earley, Attorney General, on
         brief), for appellee.



     Ricardo Casanova Faulk (defendant) was convicted of grand

larceny of a cellular phone, in violation of Code § 18.2-95(2),

and possession of cocaine with intent to distribute, in violation

of Code § 18.2-248.  He contends on appeal the evidence was

insufficient to prove (1) he intended to permanently deprive the

owner of the phone, (2) the value of the phone and (3) he

intended to distribute the cocaine.  Because we find the evidence

sufficient, we affirm.

     The parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

value, no recitation of the facts is necessary.

     We will reverse his convictions only if they are plainly

wrong or without evidence to support them.  See Code § 8.01-680.

--------

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Appellant contends the Commonwealth did not prove he intended to permanently deprive the victim of the phone and, therefore, larceny was not established. "Larceny is defined as the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently." Jones v. Commonwealth, 3 Va. App. 295, 300, 349 S.E.2d 414, 417 (1986). "Intent is the purpose formed in a person's mind which may, and often must, be inferred from the facts and circumstances in a particular case." Sandoval v. Commonwealth, 20 Va. App. 133, 137, 455 S.E.2d 730, 732 (1995). The circumstances of this case show defendant opened a cellular account and obtained a phone using a false name and Social Security number. He was told to return the phone after several days, but neither defendant nor the phone ever returned. The trier of fact was entitled to infer defendant's intent was to keep the phone.

Appellant next contends the Commonwealth did not prove the phone was worth $200 or more and analogizes his case to Walls v. Commonwealth, 248 Va. 480, 450 S.E.2d 363 (1994). In Walls two used television sets were stolen. In an effort to establish value, the Commonwealth presented the opinion testimony of an employee of the company that had owned the televisions. The witness was not familiar with the market value of televisions, lacked opportunity to make himself familiar, did not know the original price of the televisions and could not estimate their

depreciation. In the instant matter, two clerks working at the cellular phone store from which the phone was stolen testified. Their profession was phone sales. They were very familiar with the phone market and the value of phones. They testified the phone was worth $300 when new, and it was still in good working condition. Defendant presented no evidence contradicting their testimony. The trial court was entitled to infer the phone had not depreciated more than $100 since sale and, therefore, the elements of grand larceny had been satisfied.

Appellant finally contends there was insufficient evidence to prove he intended to distribute the cocaine found on his person. "Because direct proof of [the] intent [to distribute] is often impossible, it must be shown by circumstantial evidence." Jones v. Commonwealth, 23 Va. App. 93, 100, 474 S.E.2d 825, 828 (1996). Facts such as the "quantity of drugs and cash possessed, the method of packaging, and whether [defendant] himself used drugs," Poindexter v. Commonwealth, 16 Va. App. 730, 735, 432 S.E.2d 527, 530 (1993), are indicative of defendant's intent. Defendant was found with over thirteen grams of cocaine packaged in sixteen vials and two plastic bags. Captain Wilson of the Suffolk Police Department testified the drugs were worth about $100 per gram. He also testified thirteen grams was not inconsistent with personal use, but the lack of paraphernalia connected with personal use, such as razors, lighters or a smoking device, indicated the cocaine was for sale.

Additionally, the packaging in many small, separate containers was consistent with distribution.  This evidence provides sufficient support for defendant's conviction of possession with intent to distribute.

Because both of defendant's convictions are not plainly wrong or without evidence in support, we affirm.

<u>Affirmed.</u>