COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Elder and
          Senior Judge Overton
Argued at Alexandria, Virginia


GEORGE PEREZ LEVENBERRY
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 0979-00-4     CHIEF JUDGE JOHANNA L. FITZPATRICK
                                         APRIL 3, 2001
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                       Paul F. Sheridan, Judge

          Robert W. Gookin for appellant.

          Susan M. Harris, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     George Perez Levenberry (appellant) was convicted in a jury

trial of statutory burglary in violation of Code § 18.2-91.[1]  The

sole issue raised is whether the evidence was sufficient to

establish the requisite "breaking" for statutory burglary.

Finding the evidence is insufficient, we dismiss his conviction.

                                 I.

     Under familiar principles of appellate review, we examine the

evidence in the light most favorable to the Commonwealth, the

_____

          * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

          [1] Appellant was also convicted of grand larceny in violation
of Code § 18.2-95.  That conviction is not at issue in this
appeal.

prevailing party below, granting to that evidence all reasonable inferences fairly deducible therefrom. See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

The testimony of Mr. Hodge, the homeowner, regarding the condition of the door is as follows:

> Q. So you were living at 3716 Lorcum Lane on June 11th, 1999?
> A. Yes, sir.
> Q. Did you drive to work that day?
> A. Yes, sir.
> Q. And did you – what time did you return home?
> A. I'm not sure. I am thinking it was right after my son got home, which is a little bit after 3:00.
> Q. What are the usual hours that your house is vacant during the day on a regular school day?
> A. It's usually vacant after 8:00. I believe my oldest son goes to school 8:00 to 8:30, 9:00. It varies when he has to be there. And then my youngest son gets back at 3:00.
> Q. And when you returned home, what did you observe?
> A. An open door in the kitchen. There is a glass door back there, and it was standing open almost all the way or half way, somewhere around there.
> Q. Can I approach the witness?
>
> The Court: You may.
>
> Q. Are those pictures bearing accurate depictions of your sliding glass door?
> A. Yes.
> Q. And it was actually open when you got home?
> A. Yes.

The Commonwealth concedes that no evidence established that the door was "locked or shut." No witnesses for the

-

Commonwealth testified whether the door was closed at the time the last person left the home.

## II.

Appellant contends no evidence established the requisite "breaking" required by Code §§ 18.2-90 and 18.2-91.[2]  We agree.

> "Actual breaking involves the application of some force, slight though it may be, whereby the entrance is effected.  Merely pushing open a door, turning the key, lifting the latch, or resort to other slight physical force is sufficient to constitute this element of the crime. . . ."

Robertson v. Commonwealth, 31 Va. App. 814, 821, 525 S.E.2d 640, 644 (2000) (quoting Davis v. Commonwealth, 132 Va. 521, 523, 110 S.E. 356, 357 (1922)).  The evidence established only that the door was open when the homeowner returned.  No evidence proved that the door was closed when Mr. Hodge left for work or when his children later left for school.  Absent evidence of any force, even the "slight physical force" necessary to establish a

---

[2] Code § 18.2-90 provides, in pertinent part, that

> [i]f any person . . . in the daytime breaks and enters . . . in a dwelling house . . . with intent to commit . . . [enumerated felonies] . . . he shall be deemed guilty of statutory burglary . . . .

(Emphasis added).

Code § 18.2-91 provides, in pertinent part, that

> [i]f any person commits any of the acts mentioned in § 18.2-90 with intent to commit larceny . . . he shall be guilty of statutory burglary . . . .

-

breaking, we must reverse and dismiss the statutory burglary conviction.[3]

Reversed and dismissed.

---

[3] The Commonwealth relies on Bright v. Commonwealth, 4 Va. App. 248, 356 S.E.2d 443 (1987), for the proposition that recent possession of stolen goods raises an inference that the possessor also committed the burglary.  However, this does not remove from the Commonwealth the need to prove the underlying elements of the burglary.

-