COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judge Elder and
        Senior Judge Hodges
Argued at Salem, Virginia


JONATHAN T. WARD

                                        MEMORANDUM OPINION* BY
v.   Record No. 2799-01-3              JUDGE LARRY G. ELDER
                                           APRIL 8, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF GRAYSON COUNTY
                    J. Colin Campbell, Judge

        Phillip W. Jones for appellant.

        (Jerry W. Kilgore, Attorney General; Amy L.
        Marshall, Assistant Attorney General, on
        brief), for appellee.  Appellee submitting
        on brief.


     Jonathan T. Ward (appellant) appeals from his bench trial

conviction for petit larceny based on his taking two cassette

tapes from the temporary residence of his wife, from whom he was

then separated.  On appeal, he contends the trial court

erroneously (1) allowed the Commonwealth to argue facts not in

evidence and relied on those facts in convicting him of the

charged offense and (2) concluded the evidence was sufficient to

support his conviction.  We hold the evidence, based on the

facts found by the trial court, was insufficient to support

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

appellant's conviction.  We reverse and dismiss without reaching appellant's additional assignment of error.

On appeal from a criminal conviction, we view the evidence and all reasonable inferences therefrom in the light most favorable to the Commonwealth.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  On issues of witness credibility, we defer to the conclusions of "the fact finder[,] who has the opportunity of seeing and hearing the witnesses."  Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985).  On appeal, we may reverse the trial court's findings of fact only if they are plainly wrong or without evidence to support them.  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

"Larceny is defined as the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently."  Jones v. Commonwealth, 3 Va. App. 295, 300, 349 S.E.2d 414, 417-18 (1986).  Except as modified by statute, see, e.g., Code § 18.2-192, only tangible personal property may be the subject of larceny.  Owolabi v. Commonwealth, 16 Va. App. 78, 80-81, 428 S.E.2d 14, 15 (1993).  At common law, "one co-owner (e.g., a partner, tenant in common, joint tenant) cannot steal from the other co-owner."  Wayne R. LaFave & Austin W. Scott, Jr., Criminal Law § 8.4(c), at 720 (2d ed. 1986).  Further, "[i]t is not larceny to take a chattel from

-

its possessor under a bona fide, though mistaken, claim of right." Roger D. Groot, Criminal Offenses and Defenses in Virginia, at 335 (4th ed. 1998); see Pierce v. Commonwealth, 205 Va. 528, 533, 138 S.E.2d 28, 31-32 (1964). A statement of such belief, if found credible by the trial court, negates a finding of criminal intent. Pierce, 205 Va. at 533, 138 S.E.2d at 32.

In light of the above principles, we agree with the Commonwealth's concession that the trial court erred when it ruled that appellant was guilty of larceny because the content of the audiotape belonged to appellant's wife. The court clearly distinguished between the tape itself and the "recording on the tape." As set out above, only tangible personal property may be the subject of larceny. Thus, the trial court's rationale underlying the conviction was erroneous.

Furthermore, the trial court's implicit findings of fact compel the conclusion that appellant did not act with the requisite criminal intent. Appellant testified it was the custom during his marriage for him and his wife to purchase blank cassette tapes, record music on them, and hand-label them with their initials, "T & D." The tapes appellant took bore those initials. Appellant admitted taking the tapes but testified he was "'certain' that the tapes were his 'or at least ours.'" The trial court made an implicit finding that appellant had at least a good faith belief that he had a claim of right to the tapes. Appellant's claim of right negated a finding that

-

appellant acted with the requisite intent to steal the tapes. Thus, we hold the evidence, as found by the trial court, was insufficient to support appellant's conviction.

This result does not contravene Stewart v. Commonwealth, 219 Va. 887, 889, 252 S.E.2d 329, 331 (1979), in which the Supreme Court, interpreting Code § 55-35, held that a husband may be convicted of larceny of the separate property of his wife. The husband in Stewart admitted the property at issue belonged to his wife and made no claim that he took the property under a bona fide claim of right. 219 Va. at 889, 252 S.E.2d at 330. Here, based on the facts as found by the trial court, the holding in Stewart is inapplicable.

For these reasons, we reverse and dismiss appellant's conviction without reaching appellant's additional assignment of error.

Reversed and dismissed.