## CIRCUIT COURT OF AMHERST COUNTY

Commonwealth of Virginia

v.

Timothy Lee Abbott

April 19, 2005

Case No. CR05012261

BY JUDGE J. MICHAEL GAMBLE

I am writing to give the verdict of the Court in the above case. In this regard, I find Mr. Abbott guilty of breaking and entering in violation of Va. Code § 18.2-91 as charged in the indictment.

The evidence in this case established that the victim, Rebecca Keesee, had full possession of the apartment premises on September 16, 2004, the date of the crime. Earlier in the day, an emergency protective order was served on her boyfriend, Jesse Ford. Further, Ms. Keesee testified that she had changed the lease earlier in the day so that the lease was in her sole name. The defendant, at the urging of Jesse Ford, went to the premises and broke through the door. The defendant knew that Jesse Ford had been served with a protective order. The defendant maintained, however, that he believed that Jesse Ford was still lawfully a cotenant on the premises with Ms. Keesee and that Jesse Ford had the authority to allow him to enter the apartment.

The evidence disclosed that the defendant took with him a very large screwdriver and gloves. These items were concealed from Emma Funk, who transported him to the apartment. The screwdriver was an oversized screwdriver that would allow a person to obtain great leverage when prying open a locked door. The evidence disclosed that the door frame was significantly damaged and that the door was pried open, notwithstanding the fact that the deadbolt lock was in place.

When Ms. Keesee returned to the premises, she and her father found the defendant in the premises going through a trash can. She also discovered that her purse had been opened and various items that were within the purse were scattered around the purse. Further, there was money missing from her purse.

The defendant attempted to leave the apartment. He was followed by Ms. Keesee and her father. He attempted to put his gloves and the screwdriver in Ms. Funk's car. However, Ms. Funk would not allow him to place these items in the car. The screwdriver ended up on the ground. The defendant denied to the police that he broke into the apartment and denied that the screwdriver was in his possession. He subsequently admitted in Court that he broke into the apartment and that the screwdriver was his screwdriver. Although the defendant was searched, no money was found on him.

The evidence fully supports a conviction of breaking and entering with intent to commit larceny. While it is unknown what happened to the missing money, it is clear that the defendant was searching for money by virtue of all of the items that were found around the purse of Ms. Keesee. Additionally, he was scrounging through the trash can when he was caught in the apartment.

The defendant maintains that he was properly in the apartment because he had the permission of a cotenant. Further, he argues by counsel that the family abuse statutes do not determine title to property. Therefore, the protective order would not grant Ms. Keesee full possession and control of the premises from the standpoint of property rights.

The defendant argues that he does not have sufficient intent to commit larceny because he was not unlawfully on the premises. In this regard, the defendant misapplies the law.

To sustain a conviction for statutory burglary under Code § 18.2-91, the Commonwealth must prove beyond a reasonable doubt that (1) the accused entered a dwelling house in the nighttime without breaking or broke and entered the dwelling house in the daytime; and (2) the accused entered with the intent to commit any felony other than murder, rape, robbery, or arson. *Robertson v. Commonwealth*, 31 Va. App. 814, 820, 525 S.E.2d 640 (2000). The crime in the instant case occurred during the daytime. In order to constitute a *breaking* during the daytime, there must be the application of some force. *Davis v. Commonwealth*, 132 Va. 521, 110 (1922). In the instant case, massive force was used to pry open the door to the apartment of Ms. Keesee. The photographs of the door showed

extensive damage to the door and the door frame. Accordingly, the breaking requirement for a daytime entry has been satisfied.

Next, the Court finds that the Commonwealth has proved beyond a reasonable doubt that the accused entered the apartment with the intent to commit larceny. The specific intent with which an unlawful entry into a dwelling was made may be inferred from the surrounding facts and circumstances. *Ridley v. Commonwealth*, 219 Va. 834, 836, 252 S.E.2d 313 (1979). In the instant case, the use of a screwdriver and gloves, together with the activity of searching the purse of Ms. Keesee, clearly indicated an intent to commit larceny.

Last, the defendant maintains that his entry was lawful because he was acting on behalf of the boyfriend of Ms. Keesee. This analysis is incorrect because, in the instant case, any proprietary interest of the defendant was relegated to Ms. Keesee's superior possessory interest and right to exclusive habitation. *Turner v. Commonwealth*, 33 Va. App. 88, 95, 531 S.E.2d 619 (2000). The evidence established that Ms. Keesee had a preliminary protective order that granted her possession of the premises to the exclusion of the defendant and that the lease was changed to make Ms. Keesee the sole tenant of the property prior to the time of the breaking. Thus, the proprietary interest of the defendant, if any, was subservient to the possessory interest of Ms. Keesee.

Accordingly, I am scheduling sentencing for 12:00 noon on June 14, 2005. I order that a presentence report be prepared. The defendant is ordered to report to the Office of Probation and Parole in Lynchburg by April 26, 2005. The Clerk will draw the conviction order.