Present:  All the Justices

THERON ANTHONY FINNEY

OPINION BY
v.  Record No. 080440          JUSTICE LAWRENCE L. KOONTZ, JR.
                                     January 16, 2009
COMMONWEALTH OF VIRGINIA


FROM THE COURT OF APPEALS OF VIRGINIA


Theron Anthony Finney was convicted of breaking and entering the storage shed permanently attached to the real property of Dennis Garber with intent to commit larceny, in violation of Code § 18.2-91, after a bench trial in the Circuit Court of the City of Richmond.[*]  In an unpublished order by one judge of the Court of Appeals, the court denied Finney's petition for appeal, holding the evidence sufficient to support the circuit court's conclusion that Finney unlawfully broke and entered Garber's property with intent to commit larceny.  Finney v. Commonwealth, Record No. 0518-07-2 (October 25, 2007).  Subsequent to a request for a three-judge

---

[*] Finney was also convicted of grand larceny, Code § 18.2-95, arising from the same events.  We initially refused an assignment of error in Finney's petition for appeal regarding that conviction.  Finney v. Commonwealth, Record No. 080440 (May 30, 2008).  We subsequently granted his petition for rehearing after the issues addressed in this appeal had been briefed and argued.  Finney v. Commonwealth, Record No. 080440 (Sept. 11, 2008).  The parties filed supplemental briefs, and we docketed the case for additional argument limited to the grand larceny conviction.  By order entered concurrently with this opinion, we will affirm Finney's conviction for grand larceny.

review, the Court of Appeals again denied Finney's petition for appeal. Finney v. Commonwealth, Record No. 0518-07-2 (February 7, 2008). We awarded Finney this appeal. The dispositive issue we consider is the sufficiency of the evidence to establish that Finney committed a "breaking," as required by the provisions of Code §§ 18.2-90 and 18.2-91.

BACKGROUND

The following pertinent facts are not disputed. On the morning of July 21, 2006, David S. Bugg, a neighbor of Dennis Garber, saw Finney walking on a side street by Garber's home on Stockton Street in Richmond. Bugg noticed that Finney was carrying "an arm full of items." The items that Finney carried included an extension cord, a saw, and a drill. As Finney passed Bugg's residence, Finney asked Bugg if he wanted to buy any of the tools. Bugg declined and subsequently asked his wife to call Garber by telephone. Beginning in December 2005, Garber had been in the process of moving to another home in Powhatan. Garber frequently went back and forth between his home on Stockton Street and his new home in Powhatan.

On July 22, 2006, in response to the telephone call from Bugg's wife, Garber went to his property on Stockton Street. Garber found that an opening in the backyard fence had been created by the forced removal of "four or five upright . . . vertical boards." He also found that the doorjamb on his

2

storage shed had been "ripped apart" and that one of the windows of his garage had been opened. The shed and the garage had once been filled with various hand tools, tool boxes, landscaping equipment, and several large power tools including a miter saw, a power washer, an electric generator, a belt sander, and a self-propelled lawn mower. The shed and garage were mostly bare. Garber had last visited his property seven or eight days prior to Mrs. Bugg's telephone call, at which time all his tools were present, the lock on his shed was in place, and the fence surrounding his property was intact.

After inspecting his property, Garber went to Bugg's home and told Bugg that someone had entered the storage shed on his property. Bugg informed Garber that he thought possibly Finney was the person who had entered the shed. The two men decided to stay and watch Garber's property in case Finney returned. Later that day, the two men observed Finney's mother drive her truck by Garber's property. Finney was a passenger in the truck. Finney's mother drove the truck around the block twice before stopping on the street on the side of Garber's property. Finney exited the truck and subsequently entered onto Garber's property by passing through the broken opening in the backyard fence.

Bugg and Garber went to confront Finney who then had entered the shed. As Garber approached the shed, he saw Finney "rifling through" the various items still inside the shed. When Finney saw Garber approach him, he hurriedly retreated and entered his mother's truck. Finney shouted to Garber that he did not steal any of Garber's property but that he knew who did. After Finney and his mother departed, Garber notified the police.

A police officer from the Richmond City Police Department responded to the call, inspected Garber's property, and observed a broken lock on the storage shed. When Finney was arrested by the police officer later that day, Finney told the police officer that "I didn't take anything, but I know who did. I can get the stuff back." Finney also stated that he had been on Garber's property looking for a friend named "Red."

DISCUSSION

Our resolution of the issue presented in this appeal is guided by well-established principles of appellate review and prior decisions of this Court. On appeal, the facts are viewed in the light most favorable to the prevailing party at trial. Porter v. Commonwealth, 276 Va. 203, 215-16, 661 S.E.2d 415, 419 (2008); Juniper v. Commonwealth, 271 Va. 362, 376, 626 S.E.2d 383, 393 (2006). However, this Court will

4

reverse a judgment of the trial court that is plainly wrong or without evidence to support it. Jay v. Commonwealth, 275 Va. 510, 524, 659 S.E.2d 311, 319 (2008); Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005). The Commonwealth has the burden of proving beyond a reasonable doubt that the defendant is guilty of the charged crime. See Baldwin v. Commonwealth, 274 Va. 276, 280, 645 S.E.2d 433, 435 (2007); Rogers v. Commonwealth, 242 Va. 307, 317, 410 S.E.2d 621, 627 (1991). " 'Suspicion of guilt, however strong, or even a probability of guilt, is insufficient to support a conviction.' " Rogers, 242 Va. at 317, 410 S.E.2d at 627 (quoting Cheng v. Commonwealth, 240 Va. 26, 42, 393 S.E.2d 599, 608 (1990)).

Pursuant to Code § 18.2-90, "[i]f any person in the nighttime enters without breaking . . . or at any time breaks and enters . . . any building permanently affixed to realty, . . . with intent to commit murder, rape, robbery or arson . . . he shall be deemed guilty of statutory burglary, which offense shall be a Class 3 felony." Pursuant to Code § 18.2-91, "[i]f any person commits any of the acts mentioned in § 18.2-90 with intent to commit larceny, or any felony other than murder, rape, robbery or arson . . ., he shall [also] be guilty of statutory burglary," but may be subject to a lesser penalty for that crime. Thus, as pertinent to this appeal, a

5

person commits statutory burglary in violation of these statutes when a person either (1) enters in the nighttime or (2) enters after breaking at any time, day or night.

The Commonwealth did not allege that Finney entered Garber's shed during the nighttime, and there is no dispute that he was only seen in the shed or its vicinity during the daytime. Thus, the issue is whether he committed a breaking in order to enter the shed on the occasion that he was found there or at some other time. A breaking for purposes of statutory burglary may be either actual or constructive. Johnson v. Commonwealth, 221 Va. 872, 876, 275 S.E.2d 592, 594 (1981). In the present case we are not concerned with an issue of constructive breaking, which requires a showing that the unlawful entrance was accomplished by threat of violence, by fraud, or by conspiracy. Id. "Actual breaking involves the application of some force, slight though it may be, whereby the entrance is [achieved]. Merely pushing open a door, turning the key, lifting the latch, or resort to other slight physical force is sufficient to constitute this element of [burglary]," so long as those acts "resulted in an entrance contrary to the will of the occupier of the [property]." Id. at 876, 275 S.E.2d at 594-95 (quoting Davis v. Commonwealth, 132 Va. 521, 523, 110 S.E. 356, 357 (1922)). In Johnson, we held that enlarging the opening of a partially open door

6

constituted a breaking where the door was already open one foot, and the defendant had to push it open further to gain entrance into the property. Id. at 875-76, 275 S.E.2d at 594-95. Similarly, the Court of Appeals in Phoung v. Commonwealth, 15 Va. App. 457, 460-61, 424 S.E.2d 712, 714 (1992), held that the element of breaking was established where the homeowner left a sliding glass door open slightly to allow dogs to enter the home, but the defendant opened the door further to effectuate his own entry. Therefore, in order to establish the element of breaking in the present case, the Commonwealth was required to prove that Finney applied some physical force, however slight, to gain entry to Garber's shed.

When Garber inspected his property on July 22, 2006, but before Finney was seen passing through the opening in Garber's fence, the opening in the fence had already been created. Likewise, the doorjamb on Garber's shed had been "ripped apart" before Finney was seen in the shed. The record contains no direct evidence that Finney would have been required to apply any physical force upon the fence or the lock and broken doorway when he entered the shed on July 22, 2006. Nor is there any direct evidence that Finney entered the shed on the previous day in order to obtain the tools he was seen carrying away, or if he did enter the shed, that he

7

was required to use any physical force to do so.  Rather, at trial, the Commonwealth relied upon circumstantial evidence to prove that Finney committed a breaking when entering the shed at some point.

We have held that "circumstantial evidence is competent and is entitled to as much weight as direct evidence[,] provided that the circumstantial evidence is sufficiently convincing to exclude every reasonable hypothesis except that of guilt."  Dowden v. Commonwealth, 260 Va. 459, 468, 536 S.E.2d 437, 441 (2000).  "Circumstantial evidence is not viewed in isolation.  While no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion."  Muhammad v. Commonwealth, 269 Va. 451, 479, 619 S.E.2d 16, 32 (2005), cert. denied, 547 U.S. 1136 (2006) (citation omitted).

Finney's presence within the shed does not prove that he forced the door to the shed from its hinges.  "The law is settled that mere presence is not sufficient."  Hall v. Commonwealth, 225 Va. 533, 536, 303 S.E.2d 903, 904 (1983); see also Johns v. Commonwealth, 10 Va. App. 283, 288, 392 S.E.2d 487, 490 (1990) (recognizing that, where a defendant's entrance into a building is contrary to the will of the occupier, the requirement that a person breaks and enters with

the intent to commit robbery is not satisfied merely by evidence that the defendant entered the premises with the intent to commit robbery).

Moreover, under the circumstances of this particular case, Finney's possession of some of the tools stolen from Garber's shed, without more, does not prove that Finney obtained the tools by breaking into the shed. We have previously held that:

> The Commonwealth can establish a prima facie case that a defendant broke and entered by (1) proving that goods have been stolen from a house into which someone has broken and entered; (2) justifying the inference that both offenses were committed at the same time, by the same person, as a part of a criminal enterprise; and (3) proving that these goods were found soon thereafter in the possession of the defendant.

Guynn v. Commonwealth, 220 Va. 478, 480, 259 S.E.2d 822, 823-24 (1979). In this case, the circumstantial evidence does not justify the inference that the breaking of the shed door, the entering of the shed, and the larceny of Garber's tools in the shed were committed at the same time and by the same person. There is no dispute that the evidence established that Garber had last visited his property seven or eight days prior to July 22, 2006. At that time, the shed door was intact. The breaking of the shed door could have occurred at any time during the seven or eight days that Garber was away from his

9

property.  Additionally, Garber testified that he believed it would have taken more than one person to remove all the missing tools.  All of these factors combined elicit the reasonable hypothesis that another individual or individuals may have committed the breaking and that Finney subsequently entered the shed without the necessity of a breaking to do so.  Accordingly, while the evidence creates a strong suspicion of Finney's guilt, it does not establish beyond a reasonable doubt that he was required to use any physical force to enter Garber's shed and, thus, committed a breaking as required by Code § 18.2-91.

CONCLUSION

For these reasons, we hold that the Court of Appeals erred in holding the evidence was sufficient to find Finney guilty of statutory burglary and in upholding the judgment of the circuit court in that regard.  Accordingly, we will reverse the judgment of the Court of Appeals, vacate Finney's conviction, and dismiss the indictment against him.

<u>Reversed and dismissed</u>.

10