### Alexandria

MICHAEL JOHN STRICKLAND

v.

COMMONWEALTH OF VIRGINIA

No. 0878-91-4

Decided March 30, 1993

COUNSEL

Clinton O. Middleton, Assistant Public Defender (Office of the Public Defender, on brief), for appellant.

Michael T. Judge, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BENTON, J.**—Michael John Strickland was convicted of unlawfully discharging a firearm within an occupied building in violation of Code § 18.2-279. The sole issue on appeal is whether the trial judge erred in denying Strickland's motion to strike the evidence. We affirm the conviction.

## I.

Strickland's sister collapsed while running around a track and died at Fairfax Hospital. Later that same night, Strickland drove his automobile to the emergency room at Fairfax Hospital. He got out of the automobile with a gun in his hand and walked toward the emergency room. As he entered a vestibule between the outer doors and the inner doors, he fired a shot into the ceiling.

An emergency room technician, who was working at the triage desk, heard a gun shot and observed Strickland on the threshold of the inner doors with his right hand straight up in the air. The technician saw Strickland bring the gun down to his side, walk to the desk, wave the gun around with his hand straight out, and walk toward the registration area. A registered nurse, who was also working behind the triage desk, testified that after Strickland fired the gun and lowered it, he pointed it at her and then at another person. Approximately seventy-five persons were in the waiting area that Strickland entered. After Strickland pointed the gun, he then dropped his arm and held the gun down.

Sergeant Williams of the Fairfax Police Department was in the security room of the hospital with two other officers when he heard the gun shot. Williams opened the security room door and saw Strickland holding a gun down by his side. Williams pointed his weapon at Strickland and four times ordered him to drop the gun before Strickland put the gun on the floor. After Williams read Strickland *Miranda* rights, Strickland said, ''The hospital killed my sister. I can't believe she's dead.'' Strickland stated that he did not want to shoot any person but wanted to shoot the hospital.

At the conclusion of the evidence, Strickland moved to strike the evidence because it was insufficient to prove the offense. The trial judge denied his motion and the jury convicted him of unlawfully discharging the firearm. He was sentenced to four months in jail. On appeal, Strickland argues that the evidence did not prove any lives were

endangered by his discharge of the firearm within the occupied building.

## II.

■ Strickland was charged with a violation of Code § 18.2-279, which reads in pertinent part as follows:

> If any person maliciously discharges a firearm within any building when occupied by one or more persons in such a manner as to endanger the life or lives of such person or persons, or maliciously shoots at, or maliciously throws any missile at or against any dwelling house or other building when occupied by one or more persons, whereby the life or lives of any such person or persons may be put in peril, the person shall be guilty of a Class 4 felony. . . .

> If any such act be done unlawfully, but not maliciously, the person so offending shall be guilty of a Class 6 felony. . . .

The evidence proved that Strickland shot the gun into the ceiling while in close proximity to seventy-five persons within a confined space. That conduct constituted a reckless act that endangered lives. *See People v. Cazares*, 190 Cal. App. 3d 833, 837-38, 235 Cal. Rptr. 604, 606 (1987). The possibility that the bullet might have hit a metal part or solid object in the ceiling and ricocheted was sufficient to prove that the firearm was discharged "in such a manner as to endanger the . . . lives of such . . . persons." Code § 18.2-279. We conclude that the evidence proved beyond a reasonable doubt that element of the offense. Accordingly, we affirm the conviction.

*Affirmed.*

Barrow, J., and Coleman, J., concurred.