472 S.E.2d 663

Timothy CLARK, s/k/a Timothy Lamont Clark

v.

COMMONWEALTH of Virginia.

Record No. 2248–94–3.

Court of Appeals of Virginia,
Salem.

July 16, 1996.

---

Benton, J., filed dissenting opinion.

Robert Bryan Haskins, Dry Fork (Turner, Haskins & Whitfield, on brief), for appellant.

Monica S. McElyea, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

Present: MOON, C.J., and BENTON and COLEMAN, JJ.

MOON, Chief Judge.

██ Timothy Lamont Clark appeals his conviction for statutory burglary. He contends that he could not be convicted of a violation of Code § 18.2–90 because he lawfully entered the store when it was open to the public. We hold that under Code § 18.2–90, a person who enters a store intending to commit robbery therein, enters the store unlawfully. Therefore, we affirm the conviction.

Clark was indicted on charges of robbery, statutory burglary, and use of a firearm in the commission of robbery. The statutory burglary indictment charged that Clark "unlawfully

and feloniously, while armed with a deadly weapon, enter[ed] in the nighttime the storehouse of Kentuck Grocery, with the intent to commit robbery therein," in violation of Code § 18.2–90. Clark pled guilty to robbery, not guilty to statutory burglary, and not guilty to use of a firearm in the commission of a robbery.

The parties stipulated that on February 21, 1994, at 8:00 p.m., Clark entered the Kentuck Grocery during regular business hours and asked an employee where the bathroom was located. When Clark returned to the counter, he pulled an object from his pocket that appeared to be the butt of a gun. Clark stated, "open it up and I mean now," followed by, "let me have it all." The employee gave Clark all the money in the cash drawer. Later, after the employee identified Clark from an array of photographs, Clark was interviewed by the police and confessed to the robbery. He denied that he had a gun.

In addition to this stipulated evidence, Clark testified that he did not possess a gun during the robbery. He testified that he put his hand under his sweater and intended to give the appearance of possessing a gun. The trial judge found Clark guilty of statutory burglary and not guilty of use of a firearm in the commission of robbery.

■ Clark contends that he cannot be found guilty of statutory burglary because he entered the store during its regular business hours pursuant to the owner's general invitation to the public to enter the business establishment. He argues that Code § 18.2–90 has not eliminated the common law requirement that the Commonwealth must prove an unlawful entry in order to obtain a burglary conviction. He further argues that the legislature intended to eliminate the "force" aspect of breaking as required by the common law but did not intend to eliminate the defense of consent to enter or lack of trespassory conduct. We disagree.

Clark was indicted and convicted under the following statute:

If any person in the nighttime enters without breaking or in the daytime breaks and enters or enters and conceals himself in a dwelling house or an adjoining, occupied outhouse or in the nighttime enters without breaking or at any time breaks and enters or enters and conceals himself in any office, shop, manufactured home, storehouse, warehouse, banking house, or other house, or any ship, vessel or river craft or any railroad car, or any automobile, truck or trailer, if such automobile, truck or trailer is used as a dwelling or place of human habitation, with intent to commit murder, rape or robbery, he shall be deemed guilty of statutory burglary, which offense shall be a Class 3 felony. However, if such person was armed with a deadly weapon at the time of such entry, he shall be guilty of a Class 2 felony.

Code § 18.2–90. Our reading of the statute is governed by the following well established principles:

If [a statute's] language is clear and unambiguous, there is no need for construction by the court; the plain meaning and intent of the enactment will be given it. When an enactment is clear and unequivocal, general rules for construction of statutes of doubtful meaning do not apply. Therefore, when the language of an enactment is free from ambiguity, resort to legislative history and extrinsic facts is not permitted because we take the words as written to determine their meaning.

*Brown v. Lukhard,* 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985) (citations omitted).

"When the sufficiency of the evidence is attacked, the judgment of the trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be disturbed [on appeal] unless plainly wrong or without evidence to support it." *Evans v. Commonwealth,* 215 Va. 609, 613, 212 S.E.2d 268, 271 (1975). Although breaking is an essential element of common law burglary, the statute's language, "enter[ ] without breaking," specifically excludes breaking as an element. *Brown v. Lukhard,* 229 Va. at 321, 330 S.E.2d at 87 (1985) (courts must apply the plain meaning of a statute if its

language is clear and unambiguous); *see Johns v. Commonwealth,* 10 Va.App. 283, 289, 392 S.E.2d 487, 490 (1990) (under Code § 18.2–93, breaking during entry is not necessary to impose liability). Furthermore, because other offenses under the same statute require proof of breaking, the General Assembly· must have intended to require only proof of entry into the building.

In *Jones v. Commonwealth,* 3 Va.App. 295, 349 S.E.2d 414 (1986), we considered whether a burglary conviction under Code § 18.2–91 could be upheld where the defendant entered the store during normal business hours, concealed himself within the store and committed larceny once the store closed. In upholding the conviction, we stated:

> Where a store owner invites the public to enter his premises he consents for the entrant to view his merchandise for the limited purpose of purchase, or to otherwise engage in a lawful activity thereon. It is not the will of the owner that entrance be made to defraud or steal from him.

*Id.* at 300, 349 S.E.2d at 417. *See also Davis v. Commonwealth,* 132 Va. 521, 524, 110 S.E. 356, 357 (1922) (citing with approval cases holding that if a person who is "fully authorized to enter for purposes within the scope of the employment or trust, actually enters ... to commit [robbery], he will be guilty of burglary").

Although this Court reversed the burglary conviction in *Johns,* because Johns did not commit a breaking, "[w]e agree[d] ... that the bank ... did not authorize, invite or consent to Johns' entry for the purpose of committing robbery." 10 Va.App. at 287, 392 S.E.2d at 489. Indeed, the opinion intimated that we would have upheld the conviction if Johns had been prosecuted under Code § 18.2–93, which only requires proof of entering and not breaking. *Id.* at 285 n. 1, 392 S.E.2d at 488 n. 1. We reiterate our holding in *Johns* that " '[i]t would be an impeachment of the common sense of mankind to say that ... a thief who enters the store with intent to steal does so with the owner's consent and upon his invitation.' " *Id.* at 287, 392 S.E.2d at 489 (citation omitted).

The evidence was sufficient for the trial court to find beyond a reasonable doubt that Clark entered the store in the nighttime with the intent to commit robbery. The proof of those elements satisfied the provisions of Code § 18.2–90. Therefore, we affirm the conviction.

*Affirmed.*

BENTON, Judge, dissenting.

"At common law, burglary was defined as 'the breaking and entering of the dwelling house of another in the nighttime with the intent to commit a felony.'" *Rash v. Commonwealth,* 9 Va.App. 22, 24 n. 1, 383 S.E.2d 749, 750 n. 1 (1989)(quoting 3 Charles E. Torcia, *Wharton's Criminal Law* § 326 (14th ed. 1980)). Common law burglary required that the "entrance [be] contrary to the will of the occupier of the house." *Davis v. Commonwealth,* 132 Va. 521, 523, 110 S.E. 356, 357 (1922). A conviction could not be had at common law when the accused was invited onto the premises.

> The [common] law was not ready to punish one who had been "invited" in any way to enter the dwelling. The law sought only to keep out intruders, and thus anyone given authority to come into the house could not be committing a breaking when he so entered.

Wayne R. LaFave & Austin W. Scott, Jr., *Criminal Law* § 96, at 708 (1972)(footnote omitted).

In 1874, the Supreme Court of Virginia overturned a conviction for common law burglary, citing the following well established view:

> We have seen no case, and think there has been none, in which the entry was by the voluntary act and consent of the owner or occupier of the house, which has been held to be burglary. And were we to affirm the judgment in this case, we would establish a doctrine of constructive burglary which would not only be new, but contrary to the well known definition of that offence. While the legislature might make such a change, we think it would be judicial legislation in us to do so.

*Clarke v. Commonwealth,* 66 Va. (25 Gratt.) 908, 919–20 (1874). Thus, at common law, consent to enter was a defense to a burglary prosecution.

"The General Assembly [of Virginia] has declared that '[t]he common law of England, insofar as it is not repugnant to the principles of the Bill of Rights and Constitution of this Commonwealth, shall continue in full force within the same, and be the rule of decision, except as altered by the General Assembly.'" *Wackwitz v. Roy,* 244 Va. 60, 65, 418 S.E.2d 861, 864 (1992)(quoting Code § 1–10). To abrogate the common law, the General Assembly must plainly manifest its intent to do so. *Id.*

In Virginia, the General Assembly has enacted numerous statutory burglary offenses. One of those statutes, "Code § 18.2–89[,] describes an offense identical to common law burglary, save that the element of intent is expanded to include intent to commit a larceny." *Rash,* 9 Va.App. at 24, 383 S.E.2d at 750. In pertinent part, Code § 18.2–89 states as follows:

> If any person break and enter the dwelling house of another in the nighttime with intent to commit a felony . . . he shall be guilty of burglary, punishable as a Class 3 felony.

In addition, by enacting numerous offenses of "statutory burglary," the General Assembly also has proscribed conduct beyond the common law crime of burglary. Code §§ 18.2–89 to 18.2–93. These statutes create several offenses of statutory burglary, most of which would not constitute burglary at common law. For example, these statutes prohibit the following offenses against property:

1. Dwelling houses:

 (A) Break and enter in nighttime with intent to commit

 (i) a felony. Code § 18.2–89 (the common law definition of burglary).

 (ii) larceny. Code § 18.2–89.

 (B) Enter without breaking in the nighttime

(i) with intent to commit murder, rape, or robbery. Code § 18.2–90.

(ii) with intent to commit larceny or any felony other than murder, rape, or robbery. Code § 18.2–91.

(C) Break and enter in the daytime

(i) with intent to commit murder, rape, or robbery. Code § 18.2–90.

(ii) with intent to commit larceny or any felony other than murder, rape, or robbery. Code § 18.2–91.

(D) Enter and conceal [at anytime]

(i) with intent to commit murder, rape, or robbery. Code § 18.2–90.

(ii) with intent to commit larceny or any felony other than murder, rape, or robbery. Code § 18.2–91.

2. Occupied dwelling house:

Break and enter day or night with intent to commit any misdemeanor except assault or trespass. Code § 18.2–92.

3. Office, shop, manufactured home, storehouse, warehouse, banking house, or other house, or vehicle of habitation:

(A) Enter without breaking in nighttime

(i) with intent to commit murder, rape, or robbery. Code § 18.2–90.

(ii) with intent to commit larceny or any felony other than murder, rape, or robbery. Code § 18.2–91.

(B) Break and enter at anytime

(i) with intent to commit murder, rape, or robbery. Code § 18.2–90.

(ii) with intent to commit larceny or any felony other than murder, rape, or robbery. Code § 18.2–91.

(C) Enter and conceal at anytime

(i) with intent to commit murder, rape, or robbery. Code § 18.2–90.

(ii) with intent to commit larceny or any felony other than murder, rape, or robbery. Code § 18.2–91.

4. Banking house:

Enter in day or night armed with deadly weapon with intent to commit larceny of money, bonds, notes or other evidence of debt. Code § 18.2–93.

In none of these various burglary statutes has the legislature explicitly stated or remotely implied that the statutory enactments were intended by implication to supplant the well established principle that anyone licensed or given authority to enter the premises could not be convicted of burglary.

Clark entered through its public entrance a retail establishment that was open for business. The burglary indictment charged Clark with an offense under the following statute:

If any person in the nighttime enters without breaking or in the daytime breaks and enters or enters and conceals himself in a dwelling house or an adjoining, occupied outhouse or in the nighttime enters without breaking or at any time breaks and enters or enters and conceals himself in any office, shop, manufactured home, storehouse, warehouse, banking house, or other house, or any ship, vessel or river craft or any railroad car, or any automobile, truck or trailer, if such automobile, truck or trailer is used as a dwelling or place of human habitation, with intent to commit murder, rape or robbery, he shall be deemed guilty of statutory burglary, which offense shall be a Class 3 felony. However, if such person was armed with a deadly weapon at the time of such entry, he shall be guilty of a Class 2 felony.

Code § 18.2–90.

"Although the General Assembly can abrogate the common law, its intent to do so must be ' "plainly manifested." ' " *Wackwitz*, 244 Va. at 65, 418 S.E.2d at 864 (citations omitted). Thus, when a claim is made that a statutory enactment abrogates the common law, courts must decide the meaning of the statutory offense.

Two important rules of construction come into play where a statute is in derogation of the common law. First, "[t]he common law is not to be considered as altered or changed by statute unless the legislative intent be plainly manifest-

ed." Second, "[s]tatutes in derogation of the common law are to be strictly construed and not to be enlarged in their operation by construction beyond their express terms."

*Hyman v. Glover*, 232 Va. 140, 143, 348 S.E.2d 269, 271 (1986) (citations omitted). Furthermore, because this is a criminal appeal, other important rules of construction apply.

Penal statutes are to be strictly construed against the Commonwealth and in favor of the citizen's liberty. Such statutes may not be extended by implication; they must be applied to cases clearly described by the language used. And the accused is entitled to the benefit of any reasonable doubt about the construction of a penal statute.

*Martin v. Commonwealth*, 224 Va. 298, 300–01, 295 S.E.2d 890, 892 (1982) (citations omitted). In making these determinations, courts "must ... presume[ ] that the [General Assembly] acted with full knowledge of the strict interpretation that must be placed upon a statute of this nature." *Hannabass v. Ryan*, 164 Va. 519, 525, 180 S.E. 416, 418 (1935).

The common law of burglary required proof of a "breaking [which] involve[d] the application of some force, slight though it may be, whereby the entrance is effected." *Davis*, 132 Va. at 523, 110 S.E. at 357. Thus, under the common law, if the accused entered a private dwelling through an open door or window, no "breaking" occurred because no force was used. LaFave & Scott, *supra*, 396 at 708. Clearly, the various statutory enactments convey the legislature's intent to eliminate the force aspect of "breaking" necessary for a conviction under common law burglary. That conclusion is manifest because in many of the statutes the legislature explicitly proscribed in certain instances "enters without breaking." *See, e.g.,* Code § 18.2–90. Thus, a person who entered a building through a door inadvertently left open and who was not an invitee would violate the prohibition of the statute.

No clear language in the statutes manifests the conclusion, however, that the legislature intended to eliminate the principle that an invitee could not be guilty of burglary. Obviously, if a phrase such as "whether or not invited" or "whether

authorized or not" had been inserted in the statute to qualify the element, "enters," the General Assembly would have manifested an intent to eliminate the consent defense so well established as a bar against a burglary conviction. If the statutes had contained such language, this Court would have been able to infer that the General Assembly intended that the owner's consent to entry would not bar a conviction as stated in *Clarke.*

Furthermore, the explicit language in Code § 18.2–90 strongly suggests that the General Assembly did not intend for the statute to apply when an entry was made by a person invited, authorized, or licensed to enter. Code § 18.2–90 prohibits a person from "enter[ing] and conceal[ing] himself in any office, shop, manufactured home, storehouse, warehouse, banking house, or other house." The prohibition against entering and concealing clearly encompasses persons who initially enter with authority or by invitation and conceal themselves on the premises. Obviously, if this Court construes "enters without breaking" to apply to an invitee, then the phrase "enters and conceals," also contained in Code § 18.2–90, is rendered redundant.

> It would be absurd to conclude that the legislature would say the same thing twice in one statutory provision. Yet, if we were to adopt the argument advanced by [the Commonwealth], this absurd result would obtain. The rules of statutory interpretation argue against reading any legislative enactment in a manner that will make a portion of it useless, repetitious, or absurd. On the contrary, it is well established that every act of the legislature should be read so as to give reasonable effect to every word and to promote the ability of the enactment to remedy the mischief at which it is directed.

*Jones v. Conwell,* 227 Va. 176, 180–81, 314 S.E.2d 61, 64 (1984).

The necessary consequence of the majority's decision is to extend the offense of burglary beyond any rational contemplation of the statute. Indeed, if the statutes are now to be

construed as the majority mandates, they would encompass (1) any person who enters with consent in the nighttime in a friend's residence or any building to use a telephone, even if the person intends to commit a prohibited act at some other place, (2) any person who enters a retail establishment in the nighttime and is convicted of shoplifting a magazine, and (3) any person who enters retail establishments open for business along a route of travel, even if the person intends to commit the prohibited act some other place. Nothing in the statutes indicates a legislative intent to so broadly define burglary.

For these reasons, I would hold that Code § 18.2–90 has not eliminated the common law principle that an unlawful entry is required for a burglary conviction. The statutory enactments clearly manifest a legislative intent to eliminate the "force" aspect of breaking as required by the common law but not the defense of consent to enter or lack of trespassory conduct. Thus, I would hold that the burglary conviction must be reversed.