COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Fitzpatrick
Argued at Salem, Virginia


ALBERT SPENCER MITCHELL, JR.
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0730-96-3    JUDGE JOHANNA L. FITZPATRICK
                                         APRIL 29, 1997
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                      Porter R. Graves, Jr., Judge

          Roland M. L. Santos for appellant.

          John K. Byrum, Jr., Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General; Ruth Ann Morken, Assistant Attorney
          General, on brief), for appellee.



     Albert Mitchell (appellant) was convicted in a bench trial

of breaking and entering with the intent to commit larceny in

violation of Code § 18.2-89.  The sole issue on appeal is whether

the trial court erred in finding the evidence sufficient to prove

larcenous intent.

     On August 26, 1995, at approximately 3:30 a.m., appellant, a

former boyfriend of Jamie Farley (the victim), arrived at her

house and "smashed out the [door] window, and opened the door,

and let himself in."  The victim's purse was a "foot or two" from

the door.  Farley awoke to see appellant standing over her bed

and told him to leave the house.  After a brief altercation,

appellant left and on his way out, he took Farley's purse which

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

was on the kitchen counter.

The following day, appellant called Farley and attempted to return her purse. She told him to contact the police. Subsequently, he made arrangements with Sergeant Kevin Lanoue (Sgt. Lanoue) of the Harrisonburg Police Department to give a statement regarding the break-in and to return Farley's purse. When appellant returned the purse, none of the contents were missing.

Appellant contends that he went to Farley's house on August 26, 1995, because she told him she was pregnant and contemplating suicide, and that he and Farley made arrangements to get a pregnancy test on Friday, August 26, 1995. When Farley failed to arrive, he went to her house in Harrisonburg and broke in because he was concerned about her. He stated that when he confronted Farley and Craig in the bedroom, he asked her why she told him she was pregnant, and her response was that she wanted him to pay some bills. Farley denied telling appellant that she was pregnant or that she was thinking of killing herself.

Appellant gave conflicting statements to the police. His first statement was that:

> [H]e had gone to see Ms. Farley and found out that she was with Mr. Craig and became very upset. . . . [H]e smashed out the window and opened the door and let himself in and got in an argument with Mr. Craig in the apartment, left, took her purse because he wanted an address to her ex-husband and the address to her ex-husband was in her purse and he wanted to get in touch with that gentleman. So, he took her purse to get that address and left.

2

Later he made a second statement that Sgt. Lanoue summarized as follows:

> He advised me that he had gotten a call from Ms. Farley stating that she was pregnant with his child and he had wanted to get in touch with her regarding her pregnancy with that child and was unable to do so. What he did is he went to the residence, couldn't get anybody to the door, smashed out a window, opened the door and went in, got involved in the altercation with Mr. Craig, . . . and took the purse because, again, it had the address of her ex-husband in it and left the residence.

On appeal, this Court views the evidence in the "light most favorable to [the prevailing party], the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Welch v. Commonwealth, 15 Va. App. 518, 523, 425 S.E.2d 101, 105 (1992). The trial court's decision will not be disturbed unless plainly wrong or without evidence to support it. Peterson v. Commonwealth, 5 Va. App. 389, 401, 363 S.E.2d 440, 448 (1987). "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The court is free to weigh the testimony and to judge the credibility of the witnesses. In the face of conflicting testimony and evidence, the court is under no obligation to believe the accused's explanation, and may infer that he is trying to conceal his guilt. See Carter v. Commonwealth, 223 Va. 528, 290 S.E.2d 865 (1982).

3

Code § 18.2-89 states as follows: "If any person break and enter the dwelling house of another in the nighttime with intent to commit larceny . . . he shall be guilty of burglary . . . ." Clark v. Commonwealth, 22 Va. App. 673, 472 S.E.2d 663 (1996), aff'd, 24 Va. App. 253, 481 S.E.2d 495 (1997).

> [W]hen an unlawful entry is made into a dwelling of another, the presumption is that the entry was made for an unlawful purpose, and the specific intent with which such entry was made may be inferred from the surrounding facts and circumstances . . . .
>
> The rule, as applied in most jurisdictions, is that in a prosecution of burglary with intent to commit larceny, the state must prove the specific intent to steal beyond a reasonable doubt, although it may and frequently must prove such intent by the facts and circumstances. In the absence of evidence showing a contrary intent, the trier of fact may infer that a defendant's unauthorized presence in a house or building of another in the nighttime was with intent to commit larceny.

Jones v. Commonwealth, 3 Va. App. 295, 299-300, 349 S.E.2d 414, 417 (1986). Accord Black v. Commonwealth, 222 Va. App. 838, 840, 284 S.E.2d 608, 609 (1981); Ridley v. Commonwealth, 219 Va. 834, 252 S.E.2d 313 (1979); Tompkins v. Commonwealth, 212 Va. 460, 461, 184 S.E.2d 767, 768 (1971); see also Sandoval, 20 Va. App. at 137, 455 S.E.2d at 732 ("The state of mind of an accused may be shown by his acts and conduct.") (citations omitted). Further, "where larceny has actually been committed that is the best evidence of intent with which breaking was committed." Smyth v. Morrison, 200 Va. 728, 734, 107 S.E.2d 430, 435 (1959).

4

When so viewed, the evidence was sufficient to convict appellant of breaking and entering with the intent to commit larceny. In the instant case, the evidence established that appellant broke in and took the victim's purse, and he intended to do so when he broke into her home. Appellant first told police that "he had gone to see Ms. Farley and found out she was with Mr. Craig." At that point, he "became very upset" and "banged on the door." When no one would come to the door, he "smashed out the window and opened the door and let himself in." At the time, the purse was "maybe a foot or two from the door at the most." Appellant said he took the purse to get a phone number for Farley's ex-husband, the father of her infant daughter, and tell him of her behavior. From this evidence, the trial court could reasonably conclude that at least one of the reasons that appellant broke into the house was to steal the purse.

Accordingly, the decision of the trial court is affirmed.

<u>Affirmed.</u>