COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Bray
Argued at Richmond, Virginia


CRAIG ROLAND BROWDER

v.  Record No. 1499-97-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE LARRY G. ELDER
DECEMBER 22, 1998

FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
James F. D'Alton, Jr., Judge

Mary Katherine Martin, Senior Assistant
Public Defender, for appellant.

Ruth Ann Morken, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Craig Roland Browder was convicted in a jury trial for involuntary manslaughter, attempted murder, discharge of a firearm within an occupied building, statutory burglary and use of a firearm in the commission of attempted murder and burglary. On appeal, Browder contends the evidence was insufficient to support his convictions. For the reasons that follow, we affirm the challenged convictions.

SUFFICIENCY OF THE EVIDENCE

Whenever an appellant challenges the sufficiency of the evidence to support a conviction, we must view the evidence "in the light most favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom." Higginbotham

_____

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

> The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide. However, whether a criminal conviction is supported by evidence sufficient to prove guilt beyond a reasonable doubt is not a question of fact but one of law.

Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986).

## 1.

## Involuntary Manslaughter

Browder contends the evidence was insufficient to support his conviction for involuntary manslaughter because the death of the man shot by Young, the store owner, was not a foreseeable consequence of Browder's actions. Browder argues that "because his weapon contained no ammunition," he "did not have the means to kill anyone" and he "could not foresee that [his actions] would lead to the death of a third party." We disagree.

> As the Supreme Court previously has held:
> > To convict [an accused] of involuntary manslaughter, the Commonwealth [must] . . . prove that [the accused] committed "acts of commission or omission of a wanton or willful nature, showing a reckless or indifferent disregard of the rights of others, under circumstances reasonably calculated to produce injury, or which make it not improbable that injury will be occasioned, and the offender knows, or is charged with the knowledge of, the probable result of his acts." The Commonwealth must also prove that [the accused's] criminally negligent acts were a proximate cause of the victim's death.

Gallimore v. Commonwealth, 246 Va. 441, 445-46, 436 S.E.2d 421, 424 (1993) (citation omitted).

Here, the evidence was sufficient to prove these elements. It showed that Browder entered the store and fired a shotgun at the store owner. Although Detective Lauter found no bullet or pellet holes in the store, he testified that the shotgun shell Browder fired contained gunpowder but no pellets. Lauter opined that "[s]omeone that would take the pellets out of a shotgun shell is really doing it to make noise and not really . . . to shoot somebody." However, he further testified that a person firing a shotgun could not determine, just by looking at the shotgun, whether the shells loaded in the gun contained pellets. That person would have to remove the shells and examine them.

Detective Lauter further testified that, if a person had been standing close enough to the shotgun, "the [muzzle blast] could [burn] and powder could embed in [the] skin," and the cardboard or plastic wad "would enter [that person] just like a bullet."

This evidence was sufficient to prove that Browder's firing the shotgun could have killed or seriously injured a person. Furthermore, no evidence proved that Browder knew the shotgun did not contain ordinary ammunition. Given that Browder actually fired the shotgun at the store owner, the evidence was sufficient to prove Browder acted with wanton and reckless disregard of others under circumstances reasonably calculated to produce

injury.  See id.

Furthermore, the evidence proved Browder threatened "to kill somebody" when he entered the store with a shotgun.  He should reasonably have anticipated that these actions might prompt the store's owner or other occupants to respond in self-defense.  As the Supreme Court observed, "an intervening event, even if a cause of the harm, does not operate to exempt a defendant from liability if the intervening event was put into operation by the defendant's negligent acts."  Id. at 447, 436 S.E.2d at 425.  Therefore, we hold that the jury was not plainly wrong in concluding that Young's firing in self-defense, resulting in the death of a bystander, were foreseeable consequences of Browder's reckless behavior.

Accordingly, the evidence was sufficient to convict Browder of involuntary manslaughter.

## 2.

### Attempted Murder

"To sustain a conviction for attempted murder, the evidence must establish both a specific intent to kill . . . and an overt but ineffectual act committed in furtherance of the criminal purpose."  Wynn v. Commonwealth, 5 Va. App. 283, 292, 362 S.E.2d 193, 198 (1987).  "The state of mind of an accused may be shown by his acts and conduct."  Sandoval v. Commonwealth, 20 Va. App. 133, 137, 455 S.E.2d 730, 732 (1995).

The evidence proved that Browder entered the store, said he

was "going to kill somebody," and fired the shotgun at the store owner.  Furthermore, no evidence proved that Browder was the person who had removed the pellets from the shotgun shell or that he was aware the pellets had been removed.

In addition, Browder's own evidence provided a possible motive for Browder to kill.  The jury could have believed beyond a reasonable doubt that Browder was so enraged by his earlier confrontations with Young's nephew that he armed himself with a shotgun and entered the store seeking revenge.  Upon this evidence, the jury could have found beyond a reasonable doubt that Browder fired his shotgun intending to kill.

3.

## Discharge of a firearm within an occupied building

It is unlawful for "any person [to] maliciously discharge[] a firearm within any building when occupied by one or more persons in such a manner as to endanger the life or lives of such person or persons."  Code § 18.2-279.  "Traditionally, a firearm is considered to be any weapon 'from which a shot is discharged by gunpowder.'"  Jones v. Commonwealth, 16 Va. App. 354, 356, 429 S.E.2d 615, 616 (citation omitted), aff'd on reh'g en banc, 17 Va. App. 233, 436 S.E.2d 192 (1993).

Browder argues that because the shells he fired from the shotgun had no pellets or other shot, no lives were placed in danger.  We disagree.  The shotgun was a firearm as contemplated by the statute.  Gunpowder residue on the damaged merchandise

proved that Browder discharged the shotgun inside the convenience store.  Furthermore, Detective Lauter testified that despite the absence of shot in the shells, Browder's weapon discharged a wad that would enter a person standing nearby "just like a bullet."

We have previously ruled that the "sho[oting of a] gun into [a] ceiling while in close proximity to . . . persons within a confined space . . . constitute[s] a reckless act that endanger[s] lives."  Strickland v. Commonwealth, 16 Va. App. 180, 182, 428 S.E.2d 507, 508 (1993).  Therefore, we hold the record contained sufficient evidence to support Browder's conviction for discharging a firearm in a manner that endangered the lives of those in the store.

4.

Statutory Burglary

Browder also argues that the evidence is insufficient to sustain the conviction for statutory burglary because (A) "the alleged offense occurred during normal business hours and [Browder] had never been banned from the property prior to the offense alleged," and (B) "the evidence failed to show the requisite specific intent to commit the crimes outlined in [Code § 18.2–91]."  We address each of these arguments in turn.

A.

"If any person [enters any shop in the nighttime without breaking] . . . with [the] intent to commit larceny, or any felony other than murder, rape, robbery or arson . . . or [enters

any shop in the nighttime without breaking] . . . with [the] intent to commit assault and battery, he shall be guilty of statutory burglary . . . ." Code § 18.2-91; see also Code § 18.2-90. Browder argues that because the store was open for business when he entered, he cannot be convicted of burglary. However, we rejected that argument in Clark v. Commonwealth, 22 Va. App. 673, 472 S.E.2d 663 (1996), aff'd on reh'g en banc, 24 Va. App. 253, 481 S.E.2d 495 (1997), in which we held that "under Code § 18.2-90, a person who enters a store [during business hours] intending to commit robbery therein, enters the store unlawfully" and is guilty of statutory burglary. 22 Va. App. at 674, 472 S.E.2d at 663. That holding is dispositive of Browder's claim that he could not be guilty of burglary because he entered the store during business hours.

B.

Browder next argues that, because the jury found he had the requisite specific intent to commit attempted murder, he could not have had the specific intent required to commit statutory burglary under Code § 18.2-91, which requires proof of intent to commit "any felony other than murder, rape, robbery or arson." Code § 18.2-91 (emphasis added). If the evidence proved that Browder intended to commit only murder, then his argument would be persuasive. However, the record contained sufficient evidence to prove that Browder also intended to commit two felonies other than murder--discharge of a firearm within an occupied building

and criminal assault.  See Martin v. Commonwealth, 13 Va. App. 524, 527, 414 S.E.2d 401, 402 (1992) (en banc) (defining "[c]riminal assault . . . [as] 'any attempt or offer with force or violence to do corporal hurt to another'" (citation omitted)).  The evidence was sufficient to support a finding beyond a reasonable doubt that Browder had the requisite specific intent to commit both these offenses, each of which is a crime encompassed within Code § 18.2-91.

## CONCLUSION

For these reasons, we conclude the evidence was sufficient to support Browder's convictions for involuntary manslaughter, attempted murder, discharge of a firearm within an occupied building, statutory burglary and use of a firearm in the attempted murder and burglary.  We therefore affirm Browder's convictions.

Affirmed.

Benton, J., concurring in part and dissenting in part.

I concur in the opinion except for Part A of the discussion concerning statutory burglary and the ruling upholding the conviction for statutory burglary.  For the reason stated in Clark v. Commonwealth, 22 Va. App. 673, 678, 472 S.E.2d 663, 665 (1996) (Benton, J., dissenting), I would reverse the statutory burglary conviction and the corresponding charge of use of a firearm in the commission of burglary.