COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, McClanahan and Haley
Argued at Richmond, Virginia


LANE MATTHEW STEGALL, S/K/A
  LANE STEGALL, JR.
                                                   MEMORANDUM OPINION[*] BY
v.      Record No. 1003-09-3                       JUDGE JAMES W. HALEY, JR.
                                                          APRIL 6, 2010
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF HENRY COUNTY
                              David V. Williams, Judge

            S. Jane Chittom, Appellate Defender (Office of the Appellate
            Defender, on briefs), for appellant.

            Joshua M. Didlake, Assistant Attorney General (William C. Mims,
            Attorney General, on brief), for appellee.


                                          I.

        Lane Matthew Stegall ("Stegall") was convicted of statutory burglary in violation of

Code § 18.2-91.  Stegall argues that the trial court erred in finding sufficient evidence of

statutory burglary because he entered the house with the consent of an occupant.  Finding that

the relevant precedents are opposed to Stegall's position, we disagree and affirm his conviction.

                                         II.

                                       FACTS

        Pursuant to the standard of review applicable to challenges to the sufficiency of the

evidence to sustain a conviction, we state the facts in the light most favorable to the

Commonwealth.  Blow v. Commonwealth, 52 Va. 533, 536, 665 S.E.2d 254, 255 (2008).

Bradley Witt ("Witt") entered the house of his grandmother, Doris Boyd ("Boyd"), by squeezing

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

through her bathroom window on the night of May 28-29, 2008. Witt was fifteen years old and lived in the house at the time. Witt testified for the Commonwealth at Stegall's trial, and according to Witt's testimony, Stegall had been drinking with Witt, Jonathan Rivers, and Chris Adkins earlier that night and the four of them planned to enter Witt's grandmother's house and to steal some of her pills. Witt said he entered via the bathroom window because he did not want to disturb his grandmother, and also because he had lost his house key. Once inside, Witt apparently changed his plan to leave his grandmother undisturbed, because he entered her bedroom, spoke to her for about five minutes, kissed her goodnight, and then left the bedroom. According to Boyd, this happened approximately between midnight and 12:30 a.m. After his grandmother had gone to bed, Witt opened the door of the house to his three companions, who came inside.

Stegall, Witt, Rivers, and Adkins took the safe out of Boyd's closet and took pills from her purse, though before they entered the house, their verbal plans had included only their theft of Boyd's pills. Investigator Jerry Farmer ("Farmer") of the Henry County Sheriff's Department later took a statement from Stegall regarding the incident. According to his statement to Farmer, Stegall helped the others to carry the safe to Rivers' house after Adkins had thrown the safe out of a window. After Rivers opened the safe, Rivers gave Stegall some jewelry and 7 or 8 pills.

III.

ANALYSIS

"When the sufficiency of the evidence is attacked, the judgment of the trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be disturbed by us unless plainly wrong or without evidence to support it." Evans v. Commonwealth, 215 Va. 609, 613, 212 S.E.2d 268, 271 (1975). The trial court convicted Stegall of violating Code § 18.2-91, which, among other specified acts, prohibits any person from committing "any of the acts

mentioned in Code § 18.2-90 with the intent to commit larceny . . . ." Code § 18.2-90 applies when any person "in the nighttime enters without breaking . . . a dwelling house . . . ." Stegall does not dispute that Boyd's house is "a dwelling house" within the meaning of the statute. Nor does he contend that the evidence at trial failed to prove that Stegall entered Boyd's house in the nighttime with an intention to steal Boyd's pills. Instead, Stegall claims that despite proof of each element expressly mentioned in the statute, his conviction must be reversed in light of the undisputed testimony that he entered Boyd's house with the consent of Bradley Witt, who was an occupant of the house.

On brief, Stegall relies heavily on Johns v. Commonwealth, 10 Va. App. 283, 284, 661 S.E.2d 487, 488 (1990), in which this Court reversed the defendant's conviction for violating the terms of Code § 18.2-90 applicable to any person who "breaks and enters . . . any . . . banking house" with the intent to commit robbery. The defendant in Johns entered a bank through a closed door when the bank was still open for business, displayed a gun to the bank tellers, and robbed the bank. Id. at 285, 661 S.E.2d at 488. We reversed the defendant's burglary conviction because the statutory language required proof of a breaking and, though such proof requires evidence of only slight force, we reasoned that to hold that the defendant's opening of the unlocked bank door satisfied the breaking element would be inconsistent with the:

> well settled principle that the force must be applied to something
> attached to the premises and *relied upon by the occupant for safety.*
> Finch v. Commonwealth, 55 Va. (14 Gratt.) 643, 645 (1858). In
> the present case, neither the evidence nor common experience
> would support the argument that during business hours the bank
> had its door closed and unlocked for safety.

Id. at 286-87, 661 S.E.2d at 489. We agree with the Commonwealth that Johns is distinguishable from this case. The defendant in Johns was convicted under statutory language requiring proof of a breaking – "breaks and enters . . . any . . . banking house" – while the portion of Code § 18.2-91 applicable to the nighttime entry into a dwelling house also applies to one who "enters

without breaking . . . ." Indeed, the Johns decision indicates that the result of the case would have been different if the Commonwealth had instead chosen to prosecute under Code § 18.2-93, which does not require proof of a breaking. See id. at 285 n.1, 392 S.E.2d at 488 n.1.

Stegall may be correct that his conviction is inconsistent with the common law understanding that burglary must be against the will of the occupier of the house. See, e.g. Davis v. Commonwealth, 132 Va. 521, 523, 110 S.E. 356, 357 (1922); Clarke v. Commonwealth, 66 Va. (25 Gratt.) 908, 912-15 (1874). Yet we have previously noted that "Code §§ 18.2-90 and 18.2-91 expand traditional notions of common law burglary . . . ." Hitt v. Commonwealth, 43 Va. App. 473, 480, 598 S.E.2d 783, 786 (2004). And in Clark v. Commonwealth, 22 Va. App. 673, 674, 472 S.E.2d 663, 664 (1996), aff'd en banc, 24 Va. App. 253, 481 S.E.2d 495 (1997), this Court affirmed the defendant's conviction for statutory burglary in violation of Code § 18.2-90 where the evidence showed that the defendant entered a grocery store, in the nighttime but during regular business hours, and displayed to an employee an object the employee believed was a gun, thus inducing the employee to give him money from the store's cash register.

The relevant statutory language in Clark was analogous to the language in this case because the burglary statute expressly applied to the defendant's conduct without proof of a breaking. See former Code § 18.2-90 ("If any person . . . in the nighttime enters without breaking . . . any . . . shop . . . with the intent to commit . . . robbery."). "Although breaking is an essential element of common law burglary, the statute's language, 'enter[] without breaking,' specifically excludes breaking as an element." Clark, 22 Va. App. at 676, 472 S.E.2d at 664. Stegall responds that because 1) statutes in derogation of the common law must be strictly construed so as not to enlarge the scope of offenses, Hyman v. Glover, 232 Va. 140, 143, 348 S.E.2d 269, 271 (1986); and 2) the legislature has not expressly revoked the common law principle that a burglary must be against the will of the occupier of a house, we must, therefore,

- 4 -

reverse his conviction. But this is essentially the same argument made by the <u>Clark</u> dissent, <u>Clark</u>, 22 Va. App. at 678-84, 481 S.E.2d at 665-67 (Benton, J., dissenting), and was necessarily rejected both by the panel majority in that case and again by this Court *en banc*. So whatever its merits, it is a view that this panel cannot now embrace. See <u>Harper v. Commonwealth</u>, 54 Va. App. 21, 24, 675 S.E.2d 841, 843 (2009) ("Panel decisions may be overruled through the *en banc* hearing process . . . but not by other panel decisions.").

Any further doubt about the resolution of this case was resolved by our Supreme Court's recent decision in <u>Jones v. Commonwealth</u>, 279 Va. 295, 687 S.E.2d 738 (2010). In <u>Jones</u>, a friend of the defendant told him that a man insulted her. Much later the same night, Jones and his friend, Catherine Callahan, together with Sheldon Parker, another friend of theirs, went to the man's apartment to "discuss it." The man's roommate let Callahan in and did not object when Jones and Parker entered the apartment. Jones was armed with a handgun. Jones and Parker knocked on the door of the bedroom of the man who supposedly insulted Callahan, asking him to come out and talk. When he did not, Jones kicked in the door. The trial court convicted Jones of statutory burglary with the intent to commit assault and battery while armed with a deadly weapon in violation of Code § 18.2-91. Like Stegall, Jones appealed, arguing that, "the evidence was insufficient to establish statutory burglary because he entered the apartment with the consent of one of its occupants." Like Stegall, Jones relied on the common law understanding of burglary, particularly <u>Davis</u>, 132 Va. 521, 110 S.E. 357. But our Supreme Court rejected his argument and affirmed his burglary conviction:

> We disagree with Jones' argument that <u>Davis</u> has any application to this case. The <u>Davis</u> opinion makes it clear that "breaking," a required element of the crime charged under the law governing at the time, was central to that decision. See 132 Va. at 523, 110 S.E. at 357. However, "breaking" is not an element of the crime in the instant case because the entry occurred at night. Code § 18.2-90; <u>Finney v. Commonwealth</u>, 277 Va. 83, 88, 671 S.E.2d 169, 172 (2009). Furthermore, in <u>Davis</u>, this Court stated that a person

- 5 -

> authorized to enter a dwelling may nevertheless be guilty of burglary if that person "actually enters for the purpose of carrying out a previously formed design to commit a felony." Davis, 132 Va. at 524, 110 S.E. at 357. *Thus, permission or authorization to enter may be negated by the invitee's or guest's intent for purposes of establishing burglary or statutory burglary.* In the present case, any permission to enter the apartment given to Jones does not preclude a conviction for statutory burglary because that permission would have been negated by his intent to commit assault and battery, an intent fully supported by the record in this case as discussed above.

Jones, 279 Va. at 300, 687 S.E.2d at 741 (emphasis added).

At oral argument, Stegall suggested that Jones is distinguishable because Bradley Witt, the occupant who consented to Stegall's entry into his grandmother's house, shared Stegall's intent to steal, while there was no evidence that the man who apparently consented to Jones' entry into his apartment also shared Jones' intent to commit an assault and battery on his roommate. We acknowledge this distinction, but it does not speak to the rationale of Jones. Burglary is an offense against the security of the habitation; the laws against it are meant to prevent the danger of violence between the burglar and occupants, see Yeatts v. Commonwealth, 242 Va. 121, 140, 410 S.E.2d 254, 266 (1991) (citing cases), and when the occupant shares the burglar's intentions the danger of mutual surprise and violence is lessened considerably. But when a prior decision is controlling both its holding and its *ratio decidendi* stand as binding authority. See Roadcap v. Commonwealth, 50 Va. App. 732, 743, 653 S.E.2d 620, 625 (2007). So we cannot ignore the language of the Jones opinion attributing the decision to the omission of a "breaking" element from the statutory text and to the principle that "permission or authorization to enter may be negated by the invitee's or guest's intent for purposes of establishing statutory burglary." Jones, 279 Va. at 300, 687 S.E.2d at 741. In this case, it is undisputed that the statute did not require proof of a breaking and that Stegall entered the house with the intent to steal. To reverse Stegall's conviction would be unfaithful to Jones.

IV.

## CONCLUSION

For the reasons above, we hold that the trial court did not err in finding the evidence sufficient to convict Stegall of statutory burglary. His conviction is affirmed.

Affirmed.