# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 26, 2016

Lyle W. Cayce
Clerk

No. 15-20281

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

NORMAN MEMBRENO-DAVID,

Defendant – Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-630-1

Before KING, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

Norman Membreno-David appeals an eight-level sentencing enhancement he received for a prior Virginia burglary conviction. We VACATE and REMAND for resentencing and correction of the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

In August 2014, Membreno illegally re-entered the United States after having been deported subsequent to a 2002 Virginia conviction for burglary.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20281

Based on these facts, Membreno pled guilty, without a written plea agreement, to violating 8 U.S.C. § 1326(b)(2). In Membreno's presentence report ("PSR"), the probation officer applied an eight-level sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(C) because Membreno's burglary conviction was for an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(G). Membreno's total offense level was 13 and his criminal history category was V. His Guidelines range was 30 to 37 months' imprisonment and one to three years of supervised release.

Membreno objected to the enhancement for his burglary conviction because the Virginia statute is broader than generic burglary. He also objected to conviction under 8 U.S.C. § 1326(b)(2), rather than (b)(1), because his Virginia conviction was not for an "aggravated felony." The district court overruled Membreno's objections. The court sentenced Membreno at the top of the Guidelines range, 37 months and three years of supervised release. Membreno timely appealed.

## DISCUSSION

We review interpretation and application of the Sentencing Guidelines *de novo*. *See United States v. Le*, 512 F.3d 128, 134 (5th Cir. 2007). "In addition, this court may affirm the district court's judgment on any basis supported by the record." *Id.* (quotation marks omitted).

We first address whether Membreno's prior Virginia statutory burglary conviction was for a "burglary offense" under 8 U.S.C. § 1101(a)(43)(G) to support the Section 2L1.2(b)(1)(C) enhancement. We then consider the Government's two alternative grounds for affirmance: first, that the Virginia conviction supports the enhancement because it was for a "crime of violence" under 8 U.S.C. § 1101(a)(43)(F); second, that any error was harmless.

2

No. 15-20281

I.     *Was Membreno's Virginia conviction for a "burglary offense"?*

An eight-level enhancement applies under Section 2L1.2 if a defendant has a previous conviction for an "aggravated felony." U.S.S.G. § 2L1.2(b)(1)(C). An "aggravated felony" includes "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year." *See* 8 U.S.C. § 1101(a)(43)(G); U.S.S.G. § 2L1.2 cmt. n.3(A). We apply what is called the categorical approach to determine whether the elements of Virginia statutory burglary align with the generic, contemporary meaning of a "burglary offense" to support the sentencing enhancement. *See United States v. Rodriguez*, 711 F.3d 541, 549 (5th Cir. 2013) (en banc) (applying *Taylor v. United States*, 495 U.S. 575 (1990)). When a state statute contains alternative elements to support a conviction, we apply the modified categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276, 2284–85 (2013). Under that approach, we look to the state court documents approved in *Shepard v. United States*, 544 U.S. 13, 26 (2005), to ascertain which alternative elements supported the conviction. *See Descamps*, 133 S. Ct. at 2284–85.

Membreno was convicted under Section 18.2-91 of the Virginia Code. That Section defines statutory burglary as "commit[ting] any of the acts mentioned in § 18.2-90 with intent to commit larceny, or any felony other than murder, rape, robbery or arson. . . . " VA. CODE § 18.2-91. The referenced Section 18.2-90 further identifies the elements of burglary:

> If any person in the nighttime enters without breaking or in the daytime breaks and enters or enters and conceals himself in a dwelling house or . . . any building permanently affixed to realty . . . or any automobile . . . used as a dwelling. . . with intent to commit murder, rape, robbery or arson . . . he shall be deemed guilty of statutory burglary.

*Id.* § 18.2-90.

No. 15-20281

The Virginia statute is divisible as to how the entry is accomplished – breaking and entering during daytime or entering at nighttime without breaking. It also is divisible as to the target of the burglary – a house, building, or other alternatives not relevant here. Accordingly, application of the modified categorical approach is proper. *See Descamps*, 133 S. Ct. at 2284–85.

The *Shepard*-approved documents in the record are Membreno's state court indictment, conviction and referral order, and the sentencing orders. Membreno's state court indictment tracks the language of the statute, alleging that he "did break and enter in the daytime or enter in the nighttime the business establishment known as Dr. Carwash, with the intent to commit larceny, assault and battery or [another felony] . . . therein."[1] Neither this language nor the other *Shepard*-approved documents identifies which alternative entry element, either breaking and entering during the daytime or entering during the nighttime, supported Membreno's conviction.

Because we cannot ascertain from the state court documents which of the alternative forms of entry supported Membreno's conviction, we must determine whether the least culpable act is a "burglary offense." *See Johnson v. United States*, 559 U.S. 133, 137 (2010). We agree with Membreno that, from the limited Virginia case law, the least culpable act necessary to support a conviction under the Virginia statute is entering a business during the nighttime without breaking. *See Clark v. Commonwealth*, 472 S.E.2d 663 (Va. Ct. App. 1996), *aff'd on reh'g en banc*, 481 S.E.2d 495 (Va. Ct. App. 1997). In *Clark*, the defendant argued that he could not be convicted of statutory burglary under Virginia Code § 18.2-90 because he had entered a store while it was open for business in the evening. *Id.* at 664. The Virginia court held

---

[1] The state court indictment charges "Hondo Lopez" with the offense. Membreno does not challenge that he was the individual convicted under the alias "Hondo Lopez."

that the statute only required proof of entry into a building, not the common law element of breaking-in. *Id.* at 664–65.

We agree with Membreno that the least culpable act under the Virginia statute is broader than the generic, contemporary meaning of burglary. Entry into a business during the nighttime does not require unprivileged presence or entry, which the Supreme Court and our court have recognized as a distinct element of generic burglary. The Supreme Court has characterized generic burglary as "contain[ing] at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *See Taylor*, 495 U.S. at 598. We have held a California statute without an unprivileged presence or entry element did not constitute "burglary of a dwelling" to support an enhancement for a "crime of violence" under Section 2L1.2(b)(1)(A). *United States v. Ortega-Gonzaga*, 490 F.3d 393 (5th Cir. 2007).

The Government claims that the Virginia statute requires both unprivileged entry and intent to commit a crime because the intent to commit a crime makes an entry per se unprivileged. The Government focuses on the following language from *Clark*: "[I]t would be an impeachment of [] common sense . . . to say that . . . a thief who enters the store with intent to steal does so with the owner's consent and upon his invitation." 472 S.E.2d at 677. We read *Taylor* as characterizing the unprivileged entry and the intent to commit a crime as distinct elements in generic burglary. In *Taylor,* the Supreme Court specifically noted burglary statutes that did not contain an unprivileged entry element as examples of statutes that define burglary more broadly than the generic meaning. *See* 495 U.S. at 599.

Our previous opinion in *Ortega-Gonzaga* also rejects the Government's view. There, we held that a previous conviction under a California statute that

did not require unprivileged entry would not support an enhancement under Section 2L1.2 for "burglary of a dwelling." 490 F.3d at 395–96. The Government argued, as it also does here, that "any entry with the intent to commit a crime must be unlawful or unprivileged." *Id.* at 395 (quotation marks omitted). We disagreed, explaining that *Taylor* and the Model Penal Code identify the unprivileged entry and the intent to commit a crime as separate elements. *Id.* We offered examples where an entry is lawful and so no burglary occurs, despite intent to commit a crime: "[A] cable repairman may enter a house with intent to rape, but because he enters lawfully and with privilege, there is no 'burglary.' Likewise, a shoplifter who lawfully enters a store with the intent to steal may later commit theft, but not burglary." *Id.* In a companion case, we again held that unprivileged entry and intent to commit a crime are distinct elements of generic burglary. *See United States v. Herrera-Montes*, 490 F.3d 390 (5th Cir. 2007).

The Government alternatively argues that Membreno admitted at re-arraignment to "breaking and entering," which allows us to narrow which entry element supported his conviction. At re-arraignment, the Government recited the factual predicate for the plea, including Membreno's 2002 Virginia conviction for "the offense of breaking and entering with intent to commit a felony." Membreno stated that the facts the Government asserted were true. Membreno's counsel corrected the Government's misstatement regarding how long Membreno served for that conviction but did not contest any other part of the factual predicate. The Government contends this exchange constitutes an admission by Membreno that he was convicted of breaking and entering.

A few previous panels of our court have used facts admitted by a defendant or his counsel to determine whether a prior conviction qualified for an enhancement under Section 2L1.2. *See United States v. Chavez-Hernandez*,

671 F.3d 494, 500–01 (5th Cir. 2012); *United States v. Mendoza-Sanchez,* 456 F.3d 479, 483 (5th Cir. 2006).[2]   In *Mendoza-Sanchez*, we determined the defendant's prior conviction qualified as "burglary of a dwelling" under Section 2L1.2 because the defendant had admitted at rearraignment during a colloquy with the court that he had entered a house, rather than another kind of structure or building, without permission.  456 F.3d at 482–83.  In *Chavez-Hernandez*, on plain error review, we affirmed an enhancement under Section 2L1.2 because, during sentencing proceedings, defense counsel stated the age of the minor victim the defendant had sexually abused.  671 F.3d at 500–01.

Membreno did not engage in a colloquy with the court in which he admitted specific facts like the defendant in *Mendoza-Sanchez*.   Unlike *Chavez-Hernandez*, neither Membreno nor his counsel affirmatively stated any information about the underlying Virginia conviction.  Instead, read in context, Membreno's response may have acknowledged no more than the existence of this Virginia conviction, which the Government was referring to in shorthand as "breaking and entering."  Membreno's statement cannot be used to narrow which entry element supported his conviction.

Because Virginia statutory burglary is broader than generic burglary by failing to require unprivileged presence or entry, Membreno should not have received the eight-level enhancement under Section 2L1.2(b)(1)(C).  We turn to the alternative grounds for affirmance.

---

[2] Because we distinguish these cases, we note but need not address whether reliance on admissions fits within the Supreme Court's instructions to refer only to *Shepard*-approved documents when applying the modified categorical approach and to consider elements of the offense of conviction, not the facts underlying the offense.  *See Shepard v. United States*, 544 U.S. 13 (2005); *Taylor v. United States*, 495 U.S. 575, 600–02 (1990).

No. 15-20281

II.    *Was the Virginia conviction for a "crime of violence"?*

The Government contends, in the alternative, that we should affirm because Membreno's statutory burglary conviction was for a "crime of violence" under 8 U.S.C. § 1101(a)(43)(F), and that would justify the enhancement. Membreno disagrees, and alternatively, he argues 18 U.S.C. § 16(b) is unconstitutionally vague.

An "aggravated felony" includes a "crime of violence" under 18 U.S.C. § 16.  *See* 8 U.S.C. § 1101(a)(43)(F).  Section 16(b) states that a "crime of violence" is "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 16(b).  As explained above, because the modified categorical approach does not clarify which entry element supported Membreno's conviction, we must assume it rested on the least culpable element.  *See Johnson*, 559 U.S. at 137. Accordingly, we determine whether entry into a business during the evening with intent to commit an enumerated crime in Virginia Code §§ 18.2-90 or 18.2-91 is a "crime of violence."

We start with caselaw holding that first-degree burglary in California was a "crime of violence" even though it did not require unlawful entry.  *See United States v. Echeverria-Gomez*, 627 F.3d 971, 976 (5th Cir. 2010).  In that case, though, the particular California statute required entry into an "inhabited dwelling house."  *Id.*  We reasoned that entry into a home creates a risk of force between the burglar and the occupants: "[B]y its nature, then, residential burglary presents a substantial risk of a face-to-face confrontation between the burglar and an occupant of the residence and a substantial corresponding risk that the burglar will use physical force."  *Id.* at 977.  The panel recognized that, even though the California statute could allow

conviction when there was privileged entry, "in the *ordinary* case" of residential burglary there is a substantial risk of physical force. *Id.* at 978.

In another case, we held that previous Texas convictions for burglary of a nonresidential building and an automobile each qualified as a conviction for a "crime of violence." *See United States v. Rodriguez-Guzman*, 56 F.3d 18, 20 (5th Cir. 1995), *overruled on other grounds, as recognized in Ibarra-Leyva v. Johnson*, 623 F. App'x 163, 167 n.20 (5th Cir. 2015). The panel reasoned that burglaries of a nonresidential building and an automobile involved a substantial risk that physical force would be used against property. 56 F.3d at 20–21. Importantly, the Texas statutes relevant in that case both require unprivileged entry. *See* TEX. PENAL CODE §§ 30.02, 30.04.

Neither *Echeverria-Gomez* nor *Rodriguez-Guzman* clearly resolves the question here. Membreno's indictment reveals he was convicted for statutory burglary of a business rather than a residence as in *Echeverria-Gomez.* In *Rodriguez-Guzman*, the Texas statutes require unprivileged entry as a separate element, which the Virginia statute does not.

We agree with Membreno that the Virginia statute does not support a conviction for a "crime of violence" under 18 U.S.C. § 16(b). A person entering a business during regular evening business hours with intent to commit a crime does not create a "substantial risk" of physical force against a person or property in the ordinary case. We so conclude because during regular business hours, a business desires and thus invites members of the public to enter its premises. The enhancement cannot be upheld on this ground.

As a result of our conclusion that the least culpable act under the Virginia statute is not a "crime of violence" under Section 16(b), we do not address the constitutionality of that Section under *Johnson v. United States,* 135 S. Ct. 2551 (2015).

III.    *Was any error harmless?*

The Government contends any error in applying the enhancement was harmless.  To show harmless error, the Government must "point to evidence in the record that will convince us that the district court had a particular sentence in mind and would have imposed it, notwithstanding the error." *United States v. Ibarra-Luna*, 628 F.3d 712, 718 (5th Cir. 2010).  There is no indication from the record that the district court would have chosen the exact same 37-month sentence if not for the error in the Guidelines calculation.  If the district court had not applied the "aggravated felony" enhancement for the Virginia statutory burglary conviction, Membreno would have received only a four-level "any other felony" enhancement.  *See* U.S.S.G. § 2L1.2(b)(1)(D).  His Guidelines range would have then been 21 to 27 months, rather than 30 to 37 months.  The district court's comments at sentencing do not make it possible to determine with "requisite certainty" that it would have imposed the 37-month sentence even if the Guidelines range would have been 21 to 27 months. *See Ibarra-Luna*, 628 F.3d at 719.

IV.    *Should the judgment be corrected?*

As he did in the district court, Membreno requests the judgment be corrected to reflect conviction under 8 U.S.C. § 1326(b)(1), rather than 8 U.S.C. § 1326(b)(2).  The PSR relied on the burglary conviction as the "aggravated felony" to support a violation of 8 U.S.C. § 1326(b)(2).  We agree with Membreno that because the Virginia burglary conviction was not for an "aggravated felony," he should be convicted under 8 U.S.C. § 1326(b)(1).  As previous unpublished opinions have done, we instruct the district court on remand to correct the record to reflect conviction and sentencing under 8 U.S.C. § 1326(b)(1).  *See United States v. Cabrera*, 478 F. App'x 204, 209 (5th

No. 15-20281

Cir. 2012); *United States v. Segura-Sanchez*, 452 F. App'x 471, 474–75 (5th Cir. 2011).

We VACATE the sentence and REMAND for resentencing and correction of the judgment to reflect conviction under 8 U.S.C. §1326(b)(1).